482 A.2d 905

Robert Dudley OSBURN, Jr.

v.

STATE of Maryland.

No. 127, Sept. Term, 1983.

Court of Appeals of Maryland.

Oct. 25, 1984.

Bernard P. Kole, Churchville, for appellant.

Gary P. Jordon and Bruce C. Spizler, Asst. Attys. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON *, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), specially assigned.

COUCH, Judge.

By this appeal Robert Dudley Osburn, Jr. seeks to reverse his conviction by the Circuit Court for Anne Arundel County of conspiracy to violate the Maryland income tax laws and three counts of violation of those laws. We issued

---

\* Davidson, J., participated in the hearing and in the conference of the case in regard to its decision but because of illness did not take part in the adoption of the opinion.

a writ of certiorari prior to consideration of the appeal by the Court of Special Appeals, and finding no error, affirm.

As this appeal is a companion to that of *Winters v. State*, 301 Md. 214, 482 A.2d 886 (1984), and as much of the factual background was set forth in that opinion, we shall herein set out only those facts as are necessary for an understanding of our discussion of the issues raised by Osburn. Suffice it to say that the charges brought against Osburn stemmed from an investigation into allegations made by a former secretary to the law firm of Osburn and Winters that they were not reporting cash fees received as part of the firm's income and thus evading the payment of personal income tax.

Osburn raises seven issues, one of which he has formally withdrawn, some of which are identical to those raised by Winters, and some peculiar to his appeal and not shared by Winters.

### (1)

First, Osburn has withdrawn his claim of error for failure to grant him a new trial.

### (2)

As to the following issues, which are identical to those raised and considered in the *Winters'* appeal, what we said there is dispositive here.

1. Claim of error for failure to grant his motion to dismiss Count One, the conspiracy count.

2. Claim of error for failure to dismiss Counts Four, Five and Seven (identical to Counts Two, Three and Six in the Winters indictment).

3. Claim of error in allowing the state to improperly cross-examine certain character witnesses produced by Winters.

### (3)

#### *The Motion to Suppress*

Osburn contends that the trial court erred in not suppressing the twenty-two yellow sheets of paper seized at

the home of Winters; the state argues Osburn has no standing to raise this issue. At oral argument Osburn's counsel also raised doubt as to Osburn's standing. We need not address the standing issue because, even assuming standing, we find no error in the trial court's ruling for the reasons set forth in *Winters*.

## (4)

■ Osburn also contends that the state erred in arguing to the jury during closing argument that the twenty-three state witnesses, identified as clients of the law firm, were a random sample of all the clients of the firm.[1] The record reveals that Osburn did not object to the state's argument, although Winters did, and this argument ceased. No relief was sought by Osburn and thus, under Maryland Rule 885, the issue has not been preserved for review.

## (5)

■ Osburn's final contention is that the trial court erred in denying his motion for relief from prejudicial joinder of defendants and charges which was filed on the first day of trial, despite the requirements of Maryland Rule 736 [2] (now

---

1. At oral argument appellant conceded the prosecutor's remark did not constitute reversible error.

2. Maryland Rule 736 provides in pertinent part:
   "a. Mandatory Motions.
   A motion asserting one of the following matters shall be filed in conformity with this Rule. Any such matter not raised in accordance with this Rule is waived, unless the court, for good cause shown, orders otherwise:

   \*   \*   \*   \*   \*   \*

   5. A motion for joint or separate trial of defendants or offenses.
   b. Time for Filing Mandatory Motions.
   A motion filed pursuant to section a of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance—Provision for or Waiver of Counsel), except when discovery is furnished on an issue which is the subject of the motion, then the motion may be filed within five days after the discovery is furnished."

Rule 4–252). Nevertheless, the trial judge entertained the motion and heard oral argument before denying it without comment. The argument of Osburn, in essence, was that the majority of the evidence to support the charges was actually directed at Winters in that nearly all of the unreported cash fees were generated by Winters and not Osburn; that he was unaware of the extent of Winters' involvement with controlled dangerous substances; that his defense was antagonistic to Winters; and that the complexity of the documentary evidence would prevent a jury from distinguishing "the activities in one year alleged to have been committed by the appellant (Osburn) from the activities alleged to have occurred in separate years." We perceive no merit to this contention.

■ Maryland Rule 745 c (now 4–253(c)) provides:

"If it appears that any party will be prejudiced by the joinder for trial of counts, charging documents or defendants, the court may, upon its own motion or the motion of any party, order separate trials of counts, charging documents or defendants, or grant any other relief justice requires."

In *McKnight v. State*, 280 Md. 604, 375 A.2d 551 (1977), we established the general test for the joinder/severance of multiple defendants or multiple charges against one defendant; the evidence offered must be mutually admissible as to each defendant or as to each charge in order for joinder to be proper. *See also Graves v. State*, 298 Md. 542, 471 A.2d 701 (1984).

Initially we note that the evidence offered by the state was mutually admissible against both Winters and Osburn. Thus the fact that this evidence may have been prejudicial to Osburn does not dictate that he was entitled to be tried separately from Winters. As Judge Liss said for the court in *Sye v. State*, 55 Md.App. 356, 362, 468 A.2d 641, 644 (1983), "[p]rejudice as a term of art means damage from

inadmissible evidence, not damage from admissible evidence."

Osburn's complaint that most of the cash fees were those earned by Winters is not relevant since the evidence showed that the cash was divided evenly between Winters and Osburn; what is relevant was the evidence that demonstrated that the cash income did not find its way to the total income being reported by either Winters or Osburn. We fail to see any relevancy to Osburn's contention that he was unaware of the extent of Winters' drug involvement. Nor do we see any merit to Osburn's argument that he was prejudiced by being prevented, in the joint trial, from bringing out the use of cash fees for drug purposes by his codefendant; what this type of evidence has to do with the charges here escapes us.

Finally, as to the jury confusion due to the complexity of the evidence, we again see no merit. In a separate trial much of the same evidence would have been admissible and thus damaging. As to the number of years of alleged illegal activity, we observe that only two years were involved, and we fail to see how this would lead a jury to conclude that if Osburn was in violation as to one year he must be guilty as to the second. Thus, we also believe this contention to be meritless.

In *McKnight*, we stated that the decision whether to grant or deny a motion for severance is committed to the discretion of the trial judge. Under the circumstances presented by the instant case the denial of the motion for severance was not an abuse of discretion; there was no inadmissible evidence; appellant was not denied a fair trial.

In short, we conclude there was no error in the trial.

JUDGMENT AFFIRMED.

APPELLANT TO PAY COSTS.