498 A.2d 276

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Robert Dudley OSBURN, Jr.**

**Misc. (Subtitle BV), No. 29, Sept. Term, 1984.**

Court of Appeals of Maryland.

Oct. 4, 1985.

Melvin Hirshman, Bar Counsel and Walter D. Murphy, Jr., Asst. Bar Counsel, Annapolis, for Atty. Grievance Com'n of Md.

William L. Haugh, Jr., Frederick, for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE, JJ.

MURPHY, Chief Judge.

The Respondent was found guilty by a jury in the Circuit Court for Anne Arundel County of violating Maryland Code (1957, 1980 Repl. Vol.), Article 81, §§ 221 and 302(a) by unlawfully and willfully filing fraudulent state income tax returns for 1979 and 1980.[1] He was also found guilty of conspiring to violate the Maryland income tax laws. He was sentenced on September 14, 1983 to imprisonment for five years, the execution of all but one year being suspended. The Respondent was placed on five years supervised probation. We affirmed the judgments of conviction in *Osburn v. State*, 301 Md. 250, 482 A.2d 905 (1984).

On February 19, 1985, the Attorney Grievance Commission, acting through Bar Counsel, filed a Petition for Disciplinary Action against Osburn, setting forth the fact of the final judgments of conviction and contending that such misconduct violated Disciplinary Rule 1–102 which provides as follows:

"DR 1–102 Misconduct.

---

**1.** Section 221 provides in part that any person who willfully or with intent to evade the payment of any tax makes an incorrect or untrue statement shall be guilty of a misdemeanor.

Section 302(a) provides in part that any person "who makes a fraudulent return or statement with intent to defeat or evade the payment of the taxes prescribed by this subtitle shall be deemed guilty of perjury and punished accordingly, and shall in addition thereto pay an amount equal to 50 percent of the underpayment of taxes."

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Richard B. Latham of the Circuit Court for Montgomery County to make findings of fact and conclusions of law. After conducting a hearing, Judge Latham noted that under Rule BV10 e 1 Respondent's convictions constituted "conclusive proof of the Respondent's guilt of conspiracy to violate the Maryland Income Tax law, willfully giving false information on the Maryland State income tax return and making fraudulent Maryland State income tax returns."

Bar Counsel has recommended disbarment as the appropriate sanction for the Respondent's misconduct. While taking no exception to Judge Latham's findings, Osburn maintains that the imposition of any disciplinary sanction should be deferred until the conclusion of post conviction proceedings which he plans to initiate sometime in the future on the ground that his trial counsel in the criminal case was incompetent. Osburn also suggests that newly discovered evidence exists which would tend to mitigate against the finding of guilt in the criminal case.

We think a conviction under Art. 81, § 302(a) of making a fraudulent return with the intent to defeat the payment of taxes is a crime of moral turpitude. For the purpose of attorney discipline, the offense is equivalent to a conviction of the federal offense of filing a false and fraudulent federal income tax return in violation of 26 U.S.C. § 7201. In several cases, we have disbarred lawyers following final

conviction of this federal crime. *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 340 A.2d 710 (1975); *Maryland St. Bar Ass'n v. Callanan,* 271 Md. 554, 318 A.2d 809 (1974); *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974).

There are no extenuating or mitigating circumstances in this case to warrant a sanction less than disbarment and we therefore shall order the imposition of that sanction. In so concluding, we find no merit in Osburn's argument that we should defer imposing any sanction until he has completed his collateral attacks upon the convictions under Maryland's Post Conviction Procedure Act.[2]

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ROBERT DUDLEY OSBURN, JR.

---

[2]. By order dated December 6, 1983, we declined to suspend Osburn pending the determination of the direct appeal of his criminal convictions.