510 A.2d 590

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**Bruce Widenor HAUPT.**

**Misc. Docket (Subtitle BV) No. 12, Sept. Term, 1981, Misc. Docket (Subtitle BV) No. 11, Sept. Term, 1984.**

Court of Appeals of Maryland.

July 1, 1986.

Motion for Reconsideration Denied Aug. 21, 1986.

Melvin Hirshman, Bar Counsel, for Attorney Grievance Com'n of Maryland.

Jerome T. May, Annapolis, for respondent.

Argued before MURPHY, C.J., and SMITH, COLE, RO-DOWSKY, COUCH and McAULIFFE, JJ.

RODOWSKY, Judge.

Respondent, Bruce Widenor Haupt (Haupt), was admitted to the Bar of this Court on June 23, 1973. He was also admitted to the Bar of the District of Columbia. This disciplinary proceeding involves the third and fourth petitions in this State charging Haupt with professional misconduct.

We suspended him for thirty days in *Montgomery County Bar Association v. Haupt*, 277 Md. 326, 353 A.2d 629 (1976). At the end of a high speed automobile chase of the adverse party in a divorce case, Haupt had entered a private home uninvited and directly confronted the adverse party. We suspended him for ninety days in *Attorney Grievance Commission v. Haupt*, 285 Md. 39, 399 A.2d 1350 (1979), for misrepresentation to a jailer. In order for the female friend of one of Haupt's clients to visit the client in a lockup, Haupt represented the woman to be his legal assistant. Haupt has never been reinstated in Maryland. Following the 1979 suspension he moved his office from Silver Spring to the District of Columbia.

The instant proceeding consolidates two petitions, one filed in 1981 and the other in June of 1984. Resolution of these petitions was delayed because Bar Counsel could not

serve Haupt until October 1985. The petitions are respectively based on determinations by the District of Columbia Court of Appeals in two separate proceedings. *In re Haupt*, 422 A.2d 768 (D.C.App.1980) resulted in respondent's suspension from practice in the District of Columbia for three years. Haupt had neglected a divorce case and then lied to Bar Counsel of the District of Columbia when that official investigated the client's complaint.

The District of Columbia Court of Appeals disbarred respondent in *In re Haupt*, 444 A.2d 317 (D.C.App.1982). The violations therein described which involve thirteen different clients reveal a pattern of taking fees in advance and then neglecting the client's matter.

Maryland Rule BV 10 e 1 provides that "[a] final adjudication ... of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct." Applying that rule to the charges in Maryland, Judge H. Chester Goudy, Jr. of the Circuit Court for Anne Arundel County found that Haupt had violated Disciplinary Rules 1–102(A)(4) and (5), 2–106(A), 2–110(A)(2), 6–101(A)(3), 7–101(A)(1) and (2), 7–106(C)(6), and 9–102(B)(4).

■ Repeated serious neglect warrants disbarment. *See Attorney Grievance Commission v. Sherman*, 297 Md. 318, 465 A.2d 1161 (1983) and *Maryland State Bar Association v. Phoebus*, 276 Md. 353, 347 A.2d 556 (1975).

■ In mitigation Haupt testified that during the late 1970's he had become addicted to cocaine and did not manage his life. In October 1985 he completed a thirty day Veterans Administration rehabilitation program in Richmond, and he currently attends meetings of the Washington, D.C. Chapter of Cocaine Anonymous which he says he helped found. Haupt's counsel specifically asked Judge Goudy to find that Haupt's addiction was "the cause of his behavior as a lawyer." Judge Goudy found that Haupt's "new found dependence on cocaine resulted in tension in his marriage, neglect of his law practice, and an intensification of his sexual idiosyncrasy towards transvestism."

In this Court Haupt excepts to the failure of Judge Goudy to find that the "addiction had a profound impact upon all aspects of his life" and submits that the proper sanction is an indefinite suspension.

In *Attorney Grievance Commission v. Willemain*, 297 Md. 386, 395, 466 A.2d 1271, 1275 (1983), we acknowledged that "[w]e have looked at the shortcomings of attorneys in a somewhat different light where we have concluded that the acts giving rise to the charges against an attorney have resulted to a substantial extent from the physical and mental maladies the attorney was suffering, particularly where alcoholism was involved." *See also Attorney Grievance Commission v. Nothstein*, 300 Md. 667, 685, 480 A.2d 807, 816 (1984). A number of factors distinguish the case before us from those in which mitigation of the type described in *Willemain, supra*, resulted in an indefinite suspension, with or without special conditions for reinstatement. Here, although requested to do so, Judge Goudy did not find that the pattern of neglect was solely, or even substantially, due to drug addiction. Indeed, causation in this case is not at all clear. Haupt's other problems, manifested by, but perhaps not limited to, his "sexual idiosyncrasy" help to confuse the picture.[1] Unlike *Attorney Grievance Commission v. Flynn*, 283 Md. 41, 387 A.2d 775 (1978), where the attorney had a long record of excellent service to clients which changed dramatically as a result of his succumbing to alcoholism, Haupt's professional conduct was unacceptable before he discovered cocaine. Haupt did not present any medical records or expert opinion evidence to Judge Goudy. Nor do the reported opinions of the Court of Appeals of the District of Columbia reflect that Haupt advanced drug addiction in mitigation there. None of the cases in which we have, because of medical reasons,

---

1. After the hearing before this Court Haupt furnished us with a self-composed, forty-four page supplemental memorandum which opens by discussing whether the biblical prophet Ezekial saw flying saucers.

imposed some form of suspension for conduct otherwise calling for disbarment involved an attorney who had been disbarred in another jurisdiction for the same conduct.

For these reasons we overrule Haupt's exceptions. We shall order that Bruce Widenor Haupt be disbarred and that his name be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST BRUCE WIDENOR HAUPT.