526 A.2d 55

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Richard Mark WINTERS.**

**Misc. (Subtitle BV) No. 30, Sept. Term, 1984.**

Court of Appeals of Maryland.

June 4, 1987.

Melvin Hirshman, Bar Counsel and Kendall R. Calhoun, Asst. Bar Counsel, for the Attorney Grievance Com'n of Maryland.

Richard M. Karceski, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

COUCH, Judge.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Richard Mark Winters (the respondent), alleging violation of Disciplinary Rule 1–102(A)(1), (3), (4), (5) and (6) of the Code of Professional Responsibility.[1] The petition was based upon the respondent's convictions in two different jurisdic-

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Disciplinary Rule 1–102 reads in pertinent part:
   DR 1–102 Misconduct.
     (A) A lawyer shall not:
        (1) Violate a Disciplinary Rule.
           \*     \*     \*     \*     \*     \*
        (3) Engage in illegal conduct involving moral turpitude.
        (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
        (5) Engage in conduct that is prejudicial to the administration of justice.
        (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

tions: 1) in the Circuit Court for Anne Arundel County for conspiracy to violate the Maryland income tax law and for filing fraudulent State income tax returns; and 2) in the United States District Court for the District of Maryland for possession and distribution of cocaine. Pursuant to Rule BV9b, we referred the matter to Judge DeLawrence Beard of the Circuit Court for Montgomery County for an evidentiary hearing, and suspended the respondent from the practice of law in Maryland.[2]

Judge Beard has filed with us comprehensive findings of fact and conclusions of law. After reviewing his findings, and the respondent's exceptions thereto, we conclude that disbarment is the appropriate sanction in this case.

## I.

The basic facts in this case are not in dispute. They are set forth in Judge Beard's findings:

"The Respondent, Richard M. Winters, was admitted to the Bar of the State of Maryland in 1975. He lived and practiced law in Frederick County, Maryland and maintained what he described as a trial practice which underwent substantial expansion in 1978. In 1978, upon the suggestion of his first wife, Mr. Winters began to experiment with cocaine, which he determined enhanced his ability to work harder, and longer—as much as eighty to one hundred hours per week. As Mr. Winters' use of cocaine continued, his dosage and frequency of consumption increased.

"In the latter part of 1978 or early part of 1979, Mr. Winters changed his practice of using a standard dosage and consumed whatever amount of cocaine he had available. It was at this time that he acknowledged, at least to himself, his drug addiction; also, the Respondent and his wife separated. Mrs. Winters moved to California

---

2. By Order dated December 6, 1983, we denied Bar Counsel's previous petition to suspend the respondent.

and Mr. Winters began to share a residence with another woman.

"The Respondent continued to practice law and in cases where his clients were charged with the offense of Driving While Intoxicated, or Family Practice matters, he was often paid in cash which he intentionally failed to report as income. He used the unreported income for purchases of additional cocaine and began to consume the drug openly. The Respondent maintained that his conduct was for the purpose of supporting his cocaine addiction and not for material gain and that he has been drug free since September 1982; ... there is no evidence to the contrary.

"On September 23, 1982 a search warrant was executed on Mr. Winters' residence which resulted in the following events:

"On or about February 14, 1983, Respondent was formally charged in the Circuit Court for Anne Arundel County with violations of Article 81, Sections 221 and 302a of the Annotated Code of Maryland and common law conspiracy. On July 20, 1983 the Respondent was found guilty, after a jury trial of Counts 1, 2, 3, and 6 of the Indictment in that he conspired to violate the Maryland income tax laws and did unlawfully and wilfully make fraudulent Maryland state personal income tax returns for the years 1979 and 1980 in violation of the common law and the above referenced statutes. He was sentenced on September 14, 1983 to incarceration for a period of five (5) years with the execution of all but one year suspended and was placed on five (5) years probation. By Opinion and Order dated October 24, 1984, the Court of Appeals of Maryland affirmed the convictions. [*See Winters v. State*, 301 Md. 214, 482 A.2d 886 (1984).]

"On or about February 16, 1983, the Respondent was formally charged in the United States District Court for the District of Maryland with violations of 21 U.S.C. sections [841(a)(1), 844(a), 846] and 18 U.S.C. section 2. On October 31, 1983 Mr. Winters was found guilty after a jury trial, of possession of a quantity of a Schedule II

Narcotic Controlled Substance, to wit: Cocaine, under Counts 2, 4 and 5 of the Indictment; and of distribution of a quantity of a Schedule II Narcotic Controlled Substance, to wit: Cocaine, under Count 3 of the Indictment. He was sentenced on December 20, 1983 to incarceration for a period of two (2) years and a special parole term of three (3) years. The convictions were affirmed by the United States Court of Appeals for the Fourth Circuit."

## II.

Based on these convictions, the trial judge concluded that the respondent had violated Disciplinary Rule 1–102(A)(1), (3), (4), (5) and (6). The respondent does not take exception to this legal conclusion. Under Md. Rule BV10 e 1, the respondent's convictions are conclusive proof of his guilt as to these crimes. *See Attorney Grievance Commission v. Clinton*, 308 Md. 701, 706, 521 A.2d 1202, 1204 (1987); *Attorney Grievance Commission v. Jacob*, 303 Md. 172, 178–79, 492 A.2d 905, 908, *cert. denied,* —— U.S. ——, 106 S.Ct. 272, 88 L.Ed.2d 234 (1985). A conviction under Md. Code (1957, 1980 Repl.Vol., 1986 Cum.Supp.), Art. 81, § 302(a) of "making a fraudulent return with the intent to defeat the payment of taxes is a crime of moral turpitude." *Attorney Grievance Commission v. Osburn*, 304 Md. 179, 181, 498 A.2d 276, 277 (1985).

## III.

Turning to the appropriate sanction in this case, the respondent's serious criminal conduct would normally call for disbarment. *See Osburn*, 304 Md. at 181–82, 498 A.2d at 277–78 (convictions for filing fraudulent State income tax returns and for conspiring to violate income tax laws warrant disbarment); Standards for Imposing Lawyer Sanctions Rule 5.11, adopted by the American Bar Association in February 1986 (disbarment is generally appropriate when "a lawyer engages in ... the sale, distribution or importation of controlled substances").

The respondent argues, however, that "compelling extenuating circumstances," *Maryland State Bar Association v. Agnew,* 271 Md. 543, 553, 318 A.2d 811, 817 (1974), exist for imposing a sanction less severe than disbarment.[3] Specifically, respondent asserts that his impaired mental condition, caused by cocaine addiction and a Narcissistic Personality Disorder, was responsible to a "substantial degree" for the conduct which caused his convictions. He seeks an indefinite suspension.

■ Our cases indicate that impaired mental condition or addiction to alcohol or drugs may be a mitigating factor in imposing a disciplinary sanction, even where an attorney's conduct would otherwise warrant disbarment as a matter of course. *See, e.g., Attorney Grievance Commission v. Haupt,* 306 Md. 612, 614–16, 510 A.2d 590, 591–92 (1986); *Attorney Grievance Commission v. Willemain,* 305 Md. 665, 679–80, 506 A.2d 245, 252–53 (1986) (*Willemain II*); *Attorney Grievance Commission v. Newman,* 304 Md. 370, 377, 499 A.2d 479, 483 (1985); *Attorney Grievance Commission v. Jacob,* 303 Md. 172, 179, 492 A.2d 905, 908–9, *cert. denied,* —— U.S. ——, 106 S.Ct. 272, 88 L.Ed.2d 234 (1985); *Attorney Grievance Commission v. Aler,* 301 Md. 389, 398–99, 483 A.2d 56, 61 (1984); *Attorney Grievance Commission v. Miller,* 301 Md. 592, 608–9, 483 A.2d 1281, 1290 (1984); *Attorney Grievance Commission v. Nothstein,* 300 Md. 667, 684–86, 480 A.2d 807, 816 (1984). However, we have imposed sanctions short of disbarment *only* when the mental impairment or addiction is "to a substantial degree" responsible for the attorney's improper conduct. *Nothstein,* 300 Md. at 685, 480 A.2d at 816. *See Attorney Grievance Commission v. Reid,* 308 Md. 646, 521 A.2d 743, 745–46 (1987); *Willemain,* 305 Md. at 680, 506 A.2d at 253; *Aler,* 301 Md. at 398–400, 483 A.2d at 61;

---

**3.** The burden of proof is on the respondent to show extenuating circumstances. *Clinton,* 308 Md. at 706, 521 A.2d at 1204; *Attorney Grievance Commission v. Deutsch,* 294 Md. 353, 366, 450 A.2d 1265, 1271 (1982).

*Miller,* 301 Md. at 609, 483 A.2d at 1290. As we said in *Attorney Grievance Commission v. Willemain,* 297 Md. 386, 395, 466 A.2d 1271, 1275 (1983) (*Willemain I*) (citations omitted):

"[W]e have looked at the shortcomings of attorneys in a somewhat different light where we have concluded that the acts giving rise to the charges against an attorney have resulted to a substantial extent from the physical and mental maladies the attorney was suffering, particularly where alcoholism was involved."

The circuit court did not believe that the respondent's cocaine addiction and personality disorder were responsible for his criminal convictions. He stated:

"Having determined the disciplinary violations, the Court must now make a finding as to the cause of the Respondent's illegal conduct. Mr. Winters has introduced medical and other evidence indicating that during the time of the commission of these crimes, he was suffering from cocaine abuse, by history, and a Narcissistic Personality Disorder. Respondent's doctor, Neil Blumberg, M.D., testified that, in his opinion, Mr. Winters' substance abuse and mental condition were substantially responsible for his conduct. The Petitioner's doctor, Gregory Lande, M.D. agreed that Mr. Winters suffered from drug abuse and the personality disorder, but stated that Mr. Winters did not have a substantial degree of mental impairment as a result of these problems.

"The Respondent must establish by clear and convincing evidence that the substance abuse and mental condition were to a substantial degree responsible for the conduct which resulted in his convictions. *Attorney Grievance Commission v. Nothstein,* 300 Md. 667, [480 A.2d 807] (1984). Mr. Winters has convinced the Court that neither his clients nor his practice ever suffered any adverse consequences as a result of his criminal activity.

"However, the Court is not persuaded by the Respondent's argument that his addiction caused his criminal activity. The Court cannot understand how it can logical-

ly find that Mr. Winters did properly and competently function as an attorney, while addicted to cocaine, and at the same time find that his addiction and personality disorder caused his criminal activity. The Court does not glean from the record in this case any compelling facts or circumstances that justify or satisfactorily explain the Respondent's conduct during the course of his addiction as it related to his convictions. Mr. Winters' drug use was entered into and continued freely and voluntarily with full knowledge of the illegality and possible consequences of such a course of conduct.

"This is not a case where the Respondent suffered a substantial lack of capacity such that he lost control over every aspect of his life. The Respondent instead asserts that he "selectively" lost control over particular portions of his life and the drug addiction is used by the Respondent as an attempt to explain away those matters which have led to severe personal consequences; to wit: multiple criminal convictions.

"It is the finding of this Court that the Respondent was fully able to function in his law practice, in other aspects of his personal life and to stop using cocaine when he decided to do so. Hence, his drug addictions and personality disorder were not responsible for his criminal activity."

■ The respondent raises four exceptions to these conclusions, all of which attack in some respect the trial court's failure to find a causal relationship between respondent's personality disorder and cocaine addiction, and his criminal conduct. We note at the outset that the lower court's factual findings are prima facie correct and will not be disturbed on review unless clearly erroneous. *Attorney Grievance Commission v. Miller,* 301 Md. 592, 602, 483 A.2d 1281, 1287 (1984) (and cases cited therein).

### (1)

Respondent excepts to the trial court's factual finding that neither his law practice nor his clients suffered any

adverse consequences as a result of his drug usage. But respondent concedes that none of his clients suffered any demonstrable harm as a result of his addiction. Moreover, respondent testified during the evidentiary hearing that he was an "excellent" lawyer during the time period in question. We find this exception to be without merit.

### (2)

Respondent next excepts to the trial court's factual finding that, with the exception of cocaine usage, the respondent fully maintained control over the other aspects of his personal life. In support of this contention, respondent emphasizes his deteriorating marital situation, and his association with "drug-using acquaintances."

We find this exception to be without merit. The record is devoid of any evidence, apart from cocaine usage, that would indicate the respondent failed to be the master of his own personal affairs.

### (3)

Respondent criticizes the trial court's finding that his drug usage continued freely and voluntarily with full knowledge of its illegality and the potential consequences of such conduct.[4] He points to Dr. Blumberg's testimony that the continued use of cocaine caused respondent to become psychologically and perhaps physically addicted to the drug.

We find this exception to be without merit. There is evidence in the record to support the trial court's conclusion. In particular, the trial court may well have considered that the respondent maintained the emotional resources to cease using cocaine when the threat of criminal sanctions became imminent.

### (4)

Lastly, respondent attacks the trial court's ultimate conclusion that his cocaine addiction was not responsible for his criminal conduct. We overrule this exception. Based on

---

4. Respondent concedes that his initial contact with cocaine was voluntary.

our thorough review of the record, we cannot say that the trial court's conclusion was clearly erroneous. It is axiomatic that a trier of fact may elect to pick and choose which evidence to believe. *See, e.g., Attorney Grievance Commission v. Newman*, 304 Md. 370, 377, 499 A.2d 479, 483 (1985); *Attorney Grievance Commission v. Miller*, 301 Md. 592, 603, 483 A.2d 1281, 1287 (1984).

During the period that the respondent was using cocaine in increasing amounts, he not only maintained a legal practice without any adverse effects on his clients, but at the same time he had the wherewithal to keep records of all the legal fees he received. Yet, he did not report these amounts on his income tax returns. We thus cannot say the trial judge was clearly in error when he concluded that the respondent's criminal activity was not "to a substantial degree" a result of his drug addiction or mental disorder.

Accordingly, we shall order that Richard Mark Winters be disbarred and that his name be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RICHARD MARK WINTERS.