548 A.2d 519

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

James Robert DURKIN.

Misc. (Subtitle BV) No. 32, Sept. Term, 1987.

Court of Appeals of Maryland.

Oct. 14, 1988.

John C. Broderick, Asst. Bar Counsel, Attorney Grievance Com'n of Maryland, for petitioner.

James Robert Durkin, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

## ORDER

PER CURIAM.

The Respondent having been charged by the Attorney Grievance Commission with violations of the Code of Professional Responsibility, and

The Circuit Court for Baltimore City (Davis, J.) having determined, after a hearing at which Respondent declined to appear, that the Respondent had engaged in multiple acts of misconduct in violation of the disciplinary rules, and

Judge Davis having found from the transcript of the hearing before the Inquiry Panel, which was received into evidence, that the Respondent had admitted to the misconduct charged in the disciplinary petition and further admitted that, at the time of his misconduct, he suffered from ingestion of unlawful substances, which he obtained through illicit street transactions, and

Judge Davis having noted that Respondent had presented no evidence to support his claim that he discontinued using illegal substances in September of 1986, and

The Attorney Grievance Commission having recommended that the Respondent be disbarred for his misconduct, and

The Respondent having filed no exceptions to Judge Davis' findings of fact and conclusions of law, and the Respondent having appeared before this Court on September 13, 1988 and admitted his acts of misconduct, and

The Respondent having now suggested to this Court that his misconduct was causally related to his substance abuse and to a medical-emotional condition, and

The Respondent having represented to this Court that he is not practicing law at this time and would consent to a suspension if afforded an opportunity to present expert and other evidence in support of his contention that his misconduct was causally related to his substance abuse and medical-emotional problems, it is this 14th day of October, 1988,

ORDERED, by the Court of Appeals of Maryland, that the Respondent be, and he is hereby, suspended from the practice of law in this State, subject to further order of this Court, and it is further

ORDERED that the Respondent provide the Court with evidence, if it exists, of any causal relationship between his admitted misconduct and his substance abuse and medical-emotional condition not later than December 14, 1988. *See Attorney Griev. Comm'n v. Winters*, 309 Md. 658, 526 A.2d 55 (1987).