## HERRING *v.* HERRING

[No. 410, September Term, 1967.]

*Decided December 3, 1968.*

The cause was submitted to HAMMOND, C. J., and MAR-
BURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

Submitted on brief by *James R. Scullen* for appellant.

No brief filed on behalf of appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Donald D. Herring, and the appellee, Mar-
garet Herring, were married on July 25, 1959, in Cheshire,
Connecticut, and have one minor child, Donna Herring. The

wife is also the mother of another child, Deborah Fulton, born of a former marriage. On March 15, 1967, the appellee filed a bill of complaint in the Circuit Court for Montgomery County seeking a divorce a mensa et thoro based on the ground of desertion, for alimony, and custody of and support for their child. The appellant filed an answer on May 11, 1967, denying the alleged desertion and counterclaiming for custody of their minor child, Donna, but not seeking any affirmative relief with respect to the marital union. On April 28, 1967, after holding a hearing at which both parties were present, the lower court ordered the appellant to pay $75.00 per week for the support and maintenance of his wife and child pendente lite. By order dated December 5, 1967, the lower court found that appellant was in arrears in the sum of $1,350.00, adjudged him in contempt, and issued a bench warrant for his arrest. On December 14, 1967, a trial was held on the merits at which appellant was not present, but was represented by his counsel. In its decree, the lower court granted the appellee a divorce a mensa et thoro; awarded custody of the parties' child, Donna, to the appellee (with reasonable rights of visitation); dismissed appellant's counterclaim; ordered him to pay appellee $85.00 per week for alimony and support of the minor child, required him to pay a fee of $300.00 to appellee's counsel; granted appellee a judgment in the amount of $1,350.00; and continued the order of December 5, 1967, adjudging the appellant in contempt of court. This appeal followed.

The appellant presents three questions: (1) were the judgments obtained by the appellee pendente lite and finally tainted by misrepresentation of fact such that they are void or voidable; (2) did the lower court abuse its discretion in refusing a continuance of the trial on the merits; and (3) were the support, alimony, and contempt decrees equitable and in conformity with the case law emanating from this Court.

In his brief, the appellant urged that "a careful scrutiny of the Bill of Complaint, the pleadings, and other portions of the record reveal a meticulous plan on the part of the Appellee to create a distorted picture of wilful desertion by Appellant, while Appellee and the children were in dire destitute and necessitous circumstances." Unable to discover such a "plan,"

the lower court granted Mrs. Herring a divorce based upon her testimony which was corroborated by her daughter, Deborah, who resided with the parties at the time of the alleged desertion. After a "careful scrutiny" of the record we are unable to say that the lower court erred.

Appellant maintained that at the time of the April 28, 1967, hearing for pendente lite relief the court was not completely apprised of the true financial status of the appellee and therefore could not issue an equitable monetary order. At this hearing, the appellant testified that his wife had joint bank accounts with her children and that she had funds available upon her own signature of "somewhere between fifteen and twenty thousand [dollars]." However, on cross-examination, Mrs. Herring denied the existence of any such monies, except an educational fund for her daughter Deborah. She listed her assets at approximately $500.00 worth of furniture and an automobile upon which there was a lien. The chancellor accepted Mrs. Herring's testimony.

Appellant urged that the parties had an agreement whereby he was to pay his wife the sum of $50.00 per week, plus the payment of utility bills. He testified at the hearing that he mailed checks for the amount to his attorney who was to mail them to Mrs. Herring's counsel who in turn was to give the money to her. Appellant maintained that his wife refused to cash these checks, thus fabricating circumstances leading to eviction from her home. Mrs. Herring admitted that she was evicted, but denied knowledge of any such settlement and stated that the only money she received from her husband was $150.00. Again, the chancellor accepted her testimony. The credibility of a witness is primarily for the trier of facts to decide, *Schilling v. Waller*, 243 Md. 271, 220 A. 2d 580, and this Court will not set aside the lower court's judgment on the evidence unless clearly erroneous. Maryland Rule 886 a. Had appellant been present at the trial he might have been able to point out any allegedly untrue statements. We are unable to find from the record that the pendente lite orders and the final decree were obtained by any false representations of Mrs. Herring.

Appellant next argued that the lower court erred in refusing to grant a continuance of the trial on the merits. The general

rule in Maryland is that the granting of such a request is within the sound discretion of the court. *Vermilya-Brown v. Dallas,* 248 Md. 7, 234 A. 2d 569; *State Roads Comm. v. Wyvill,* 244 Md. 163, 223 A. 2d 146; *Brooks v. Bast,* 242 Md. 350, 219 A. 2d 84. See Rule 527.

On December 14, 1967, the date set for trial, the appellant's counsel informed the court that he was not prepared for trial. Counsel stated that his client was not present and also that he did not have a copy of the deposition of the appellee taken on October 26, 1967, due to his illness and his inability to remember the name of the reporter. Counsel further indicated that Mr. Herring was not present because of the possible consequences of an arrest unless he could purge himself of the December 5, 1967, contempt order. After noting that the request for a continuance had already been denied by the senior judge of the court and that the appellant did not appear on a prior occasion, the court stated: "We cannot help but come to the conclusion that the husband in this case has done everything possible to delay these proceedings . . . ." This Court is unable to conclude that the lower court abused its discretion.

Finally, the appellant stated that the support, alimony, and contempt decrees were not equitable and not in conformity with the law of Maryland. This argument relies in part upon the appellant's first contention, that he was unable to apprise the court of his wife's true financial status. In addition, although the appellant's yearly income exceeds $12,000.00, he has had financial difficulties for some time and has filed petitions in bankruptcy in the District of Columbia and Virginia. The lower court recognized appellant's position, but found that he had a primary obligation to support his wife and child. Mrs. Herring testified that she had obtained part time employment netting her approximately $20.00 a week. Under the circumstances we do not consider the lower court's award of $85.00 per week for alimony and maintenance to be excessive. Nor do we find any reason to alter the previous determination of arrearages in the sum of $1350.00.

Finding no merit in any of the appellant's contentions the decree will be affirmed.

*Decree affirmed, appellant to pay the costs.*