528 A.2d 895

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

## Alan Edgar HARRIS.

**Misc. Docket (Subtitle BV) No. 51, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 30, 1987.

Motion for Reconsideration Denied Sept. 8, 1987.

198

Melvin Hirshman, Bar Counsel and Glenn Grossman, Asst. Bar Counsel, for the Atty. Grievance Com'n of Maryland, for petitioner.

Benjamin Lipsitz, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

COUCH, Judge.

The Attorney Grievance Commission ("Commission"), acting through Bar Counsel, filed a petition seeking disciplinary action against the respondent Alan Edgar Harris. The petition alleged that Harris violated certain disciplinary rules in his representation of three unrelated clients, Delores Green, Grady Jacks, Sr., and Anthony Jeter. Pursuant to Maryland Rule BV 9, we referred the matter to Judge Arrie W. Davis of the Circuit Court for Baltimore City. In his memorandum of findings of fact and conclusions of law, Judge Davis rejected some of the Commission's charges, but nevertheless concluded that Harris had violated the following rules of the Code of Professional Responsibility: DR 1–102(A)(1), DR 6–101(A)(3), DR 7–101(A)(1) in his representation of Delores Green; and DR

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1-102(A)(1), DR 5-103(B), DR 9-102(B)(3) in his representation of Grady Jacks, Sr.[1] Harris has filed seventeen exceptions and Bar Counsel has filed one exception to Judge Davis's memorandum. Exceptions 16 and 17 involve two motions to dismiss the disciplinary petition. We shall first address the motions to dismiss.

## I

### *Harris's Motions to Dismiss*

### *Exception 16*

■ In the first motion, argued initially before Judge Davis and now before this Court, Harris attacks in several respects the proceedings of the Inquiry Panel and the Review Board. Like the trial court, we reject his arguments.[2]

■ Harris argues initially that Bar Counsel improperly informed the Inquiry Panel of prior hearings and warnings issued to respondent in three other cases, and also advised the Panel that there was a "pattern of misconduct" involved. Bar Counsel's action, however, is specifically sanctioned by the Attorney Grievance Commission's Administrative and Procedural Guidelines ("Guidelines"). Section 4–203 states in part:

---

1. The text of the applicable Disciplinary Rules is set forth in this opinion.
 With respect to the Jeter complaint, Judge Davis found that there was no clear and convincing evidence regarding the charged violations. The Commission has not excepted to this finding and thus we shall not consider the Jeter complaint.

2. Harris argued below that the trial court had the power to grant his motion to dismiss and to, in effect, remand the case to the Review Board for reconsideration of the charges. Judge Davis rejected this contention: "This Court ... believes that it has jurisdiction to consider the bases set forth in the Motion to Dismiss and make findings of fact as to the factual bases set forth in the Motion to Dismiss; however, within the context of the unique nature of an Attorney Grievance proceeding, it is the Court of Appeals which must determine whether or not the matters alluded to constitute sufficient grounds to dismiss the Petition." We agree with this statement.

*"Transmittal of File by Bar Counsel.* Upon the appointment of a Panel, Bar Counsel shall promptly forward the file and record to the Panel Chairman and other Panel members. If Bar Counsel determines that the present complaint or complaints establish a pattern of misconduct similar to past misconduct for which sanctions or warnings have been issued to the Respondent, the file and record shall include a statement of prior sanctions imposed on the Respondent and also a statement of prior warnings issued to the Respondent. Prior sanctions include disbarments, suspensions, and public and private reprimands."

We find this contention to be without merit.[3]

We next consider Harris's due process contentions,[4] which we summarize as follows: 1) respondent was denied the opportunity to participate in the selection of the Inquiry Panel hearing the complaints against him; 2) a single Inquiry Panel improperly considered four entirely unrelated complaints against respondent, depriving him of a "fair and impartial hearing before an unbiased body, unaffected by notice or knowledge of any complaint other than the one it initially was charged to hear ...'"; 3) respondent was precluded from taking part in Review Board proceedings, including the selection of participating members; and 4) the Attorney Grievance Commission improperly performed as an investigative agency, a prosecuting agency, and a "se-

---

3. To the extent the respondent attacks section 4–203 of the Guidelines as violative of due process, our discussion *infra* of *Maryland State Bar Association v. Frank,* 272 Md. 528, 538, 325 A.2d 718, 723–24 (1974) and *Bar Association of Baltimore v. Posner,* 275 Md. 250, 255, 339 A.2d 657, 659–60, *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975), will suffice to reject this contention.

4. Harris also claims he was denied equal protection, but he has not explained his reasons for doing so. *See Attorney Grievance Commission v. Brown,* 308 Md. 219, 223, 517 A.2d 1111, 1112 (1986); *Attorney Grievance Commission v. Cockrell,* 304 Md. 379, 393, 499 A.2d 928, 935 (1985).

lecting agency with respect to the persons who [were] to constitute the Inquiry Panel and the Review Board...." [5]

■ Harris's arguments are clearly without merit. In *Attorney Grievance Commission v. Stewart,* 285 Md. 251, 259, 401 A.2d 1026, 1030, *cert. denied,* 444 U.S. 845, 100 S.Ct. 89, 62 L.Ed.2d 58 (1979), we said that proceedings conducted by the Inquiry Panel and the Review Board are similar to the proceedings conducted by a grand jury in criminal cases. They are investigatory in nature—designed to aid in determining whether disciplinary action is warranted—and informal to the extent that the rules of evidence need not apply. *Id.,* 401 A.2d at 1030. *See Attorney Grievance Commission v. Brown,* 308 Md. 219, 223, 517 A.2d 1111, 1113 (1986). Moreover, any irregularity in the proceedings before the Inquiry Panel and the Review Board ordinarily will not amount to a denial of due process, as long as the lawyer is given notice and an opportunity to defend in a full and fair hearing following the institution of disciplinary proceedings in this Court. *Maryland State Bar Association v. Frank,* 272 Md. 528, 538, 325 A.2d 718, 723–24 (1974); *Bar Association of Baltimore v. Posner,* 275 Md. 250, 255, 339 A.2d 657, 659–60, *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975). *See Stewart,* 285 Md. at 259, 401 A.2d at 1030; *Brown,* 308 Md. at 223, 517 A.2d at 1113.

In the instant case, Harris was afforded notice and an opportunity to defend in a full and fair hearing following the institution of disciplinary proceedings in this Court. Accordingly, his various contentions asserting a denial of due process in the Inquiry Panel and Review Board proceedings are without merit.

■ The reasoning of *Stewart* also disposes of Harris's contention that he did not receive notice before a member of the Inquiry Panel recused himself. Likewise, we reject his

---

5. Respondent does not argue that these contentions also constitute a violation of the Attorney Grievance Commission's Administrative and Procedural Guidelines.

assertion that he should have been notified that a new Panel member would be replacing another member at the upcoming Inquiry Panel proceedings. If Harris believed any member serving on the Panel should have been disqualified because of conflicting interests, he could have given written notice to the Panel Chairman explaining the basis of the allegation, with copies to the Chairman of the Inquiry Committee and Bar Counsel. Guidelines, § 5–101(b). There is nothing in the record to indicate that he took that action. Moreover, the trial court concluded, and we agree, that Harris has failed to demonstrate a conflict of interest on the part of any Panel member, or any prejudice to himself as a result of the substitution.

■ Finally, Harris claims the disciplinary petition charged him "with violations as to which he was not charged before the Inquiry Panel and as to which that Panel made no findings...." We reject this contention. Formal charges of misconduct do not exist against an attorney until a petition is docketed in this Court. *Attorney Grievance Commission v. Bailey,* 285 Md. 631, 637, 403 A.2d 1261, 1265 (1979). As long as these charges are "sufficiently clear and specific" so as to reasonably inform the respondent what he is compelled to answer for and defend against, Md. Rule BV 9 c; *Attorney Grievance Commission v. Cockrell,* 270 Md. 686, 313 A.2d 816 (1974), and there are no substantive transgressions of the Commission's own Guidelines or the BV Rules, the respondent is generally precluded from contesting what occurred in the preliminary stages before the Inquiry Panel and the Review Board leading to the filing of charges in this Court. *See Stewart,* 285 Md. at 259, 401 A.2d at 1030. *See generally Attorney Grievance Commission v. McBurney,* 282 Md. 116, 122–24 & n. 1, 383 A.2d 58, 62–3 & n. 1 (1978).

Accordingly, the respondent's first motion to dismiss is denied.[6]

*Exception 17*

 In his second motion to dismiss, Harris alleges that Bar Counsel had an improper *ex parte* communication with a member of the Inquiry Panel that was considering the complaints against respondent. He argues:

"Bar Counsel, in a *ex parte* manner and without informing Respondent or ... his counsel, improperly, impermissibly and unethically attempted to affect and/or did affect the proceedings, decision and/or recommendation of said panel and/or its disposition of the matters entrusted to it herein by seeking to change and/or by persuading the panel to change its recommendation herein with respect to the respective complaints of said Delores Green and Anthony Jeter."

After a hearing, the trial court rejected Harris's contention. Harris has renewed his motion before this Court.

In support of his contention, Harris submitted an internal memorandum from Bar Counsel's files describing the communication between Bar Counsel and the Inquiry Panel member. It reads as follows:

"TO BC Docket No. 84–247–4–2

Green/Harris

BC Docket No. 84–96–4–2

Jeter/Harris

FROM Melvin Hirshman

Bar Counsel

On July 23, 1985, I read the report of four (4) cases against this Respondent from the Inquiry Panel. The two (2) cases referred to above were reported as recom-

---

6. Although we do not decide whether Md. Rule BV 10 b is an additional basis on which to reject any of Harris's objections, we believe it is appropriate to draw attention to that rule:

"The hearing of charges shall not be stayed or challenged by reason of any procedural defects alleged to have occurred prior to the filing of charges."

mending that the Respondent be reprimanded. The transcript of their findings of May 6, 1985, indicated that they found the conduct such that he should not receive discipline but should receive a reprimand. On July 23, 1985, I called Katherine Bishop, Chairman of the Panel, and went over the BV Rules to her and explained the difference to her between a warning and a reprimand. She said that she would confer with the other members of her Panel and advise me in a day or so what it was that they intended in these two (2) cases. The two (2) cases in which they recommended charges and a dismissal are not involved with the problem. Mr. Grossman advises me that if the Panel indicates that warnings rather than reprimands were meant, then we will appeal this matter to the Commission at its next meeting."

It is clear from this memorandum, which was written by Bar Counsel to his own files, that Harris's contention must fail. According to the memorandum, the Inquiry Panel in the Green and Jeter cases apparently recommended a disposition which was not recognized in the BV Rules. Upon reading this recommendation, Bar Counsel, by telephone, contacted the chairperson of the Panel to explain the permissible dispositions available under the Rules. The memorandum also reveals that Glenn Grossman, Assistant Bar Counsel, recommended to Bar Counsel that an appeal be filed if the Inquiry Panel *subsequently* indicated that "warnings rather than reprimands were meant." The record is devoid of any evidence that Bar Counsel attempted to influence the Inquiry Panel in any way to come forward with a particular outcome. Accordingly, the respondent's second motion to dismiss is denied.

## II

### Complaint of Delores Green
### Exceptions Nos. 1, 6, 7, 8, 13, 14

According to Judge Davis's findings, the Green complaint relates to Harris's representation of Delores Green in a civil action against Action T.V. Rental, Inc. ("Action T.V."), and

one of Action TV's employees, James Alexander, for Alexander's allegedly wrongful repossession of a television set which Green was renting (with an option to purchase) from Action TV. The crux of Green's complaint, lodged with the Attorney Grievance Commission sometime in 1984, was that her case against the defendants was dismissed for lack of prosecution. A settlement between Harris, on behalf of Green, and the attorney for Action TV, John H. Doud, III, was eventually reached in 1985. As part of the settlement, Green received $750 and a new television set from the defendants. In addition, Harris gave Green $600.

Based on the foregoing, the Commission charged Harris with violating the following disciplinary rules:

Disciplinary Rule 1–102

"Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

Disciplinary Rule 6–101

"Failing to Act Competently.

(A) A lawyer shall not:

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him."

Disciplinary Rule 7–101

"Representing a Client Zealously.

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acced-

ing to reasonable requests of opposing counsel which did not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B)."

Judge Davis found that the case had been dismissed prior to settlement and concluded:

"While it is true that Delores Green agreed to the settlement and may have received all to which she was entitled in her case against Action TV Rental, it is difficult to know with any certainty whether Green's position was compromised by virtue of the dismissal of her case. It should be noted that the Respondent did make a $600.00 contribution to the settlement of Green's case which shows that he desired to make reparations; however, the contribution may also be indicative of Respondent's belief that he was less than diligent in his representation of Green. As a result of the foregoing, I find that Respondent failed to represent his client zealously through reasonably available means permitted by law in violation of Disciplinary Rule 7–101(A)(1) and that Respondent neglected a legal matter entrusted to him in violation of Disciplinary Rule 6–101(A)(3)."

Judge Davis further concluded that Harris did not violate DR 1–102(A)(4), (5) and (6), DR 6–101(A)(2), and DR 7–101(A)(2) and (3).

*Exception No. 1*

█ Harris contends that Judge Davis's factual finding that "[t]he case was automatically dismissed pursuant to

Judge Greenfeld's Order of March 24th, 1982" is not supported by clear and convincing evidence. In a disciplinary action, factual findings are *prima facie* correct and will not be disturbed on appeal unless determined to be clearly erroneous. *Attorney Grievance Commission v. Gilbert,* 307 Md. 481, 490, 515 A.2d 454, 458 (1986); *Attorney Grievance Commission v. Kemp,* 303 Md. 664, 674, 496 A.2d 672, 677 (1985) and cases cited therein. Based on our review of the record, we are unable to say that Judge Davis's finding is clearly erroneous.

Judge Greenfeld's Order of March 24, 1982, the second of two orders suspending operation of Md. Rule 530 (now Md. Rule 2–507), provides:

"Plaintiff's Motion to Suspend Operation of Md. Rule 530 GRANTED. Plaintiffs should not be penalized for the Court's failure to rule on Defendant's Demurrer, which was previously filed. Md.Rule 530 shall be suspended for 12 months from today's hearing. *If the case is not disposed of with said 12 month period, it shall be automatically dismissed for lack of prosecution.*" (Emphasis added).

A docket entry on the Green file jacket, dated March 25, 1983, provides:

"DISMISSED under Rule 530 of the Maryland Rules of Procedure for lack of prosecution. Judgment absolute in favor of the Defendant(s) for costs of suit."

Harris argues that Ms. Green's case was "still alive on the docket" when the settlement was reached between Green and Action T.V. In support of this argument, Harris contends that the:

"court clerk's office had erroneously issued an untimely notice of contemplated dismissal of the case under former Maryland Rule 530 before the requisite one year's time, which triggered operation of that rule, had expired. Respondent had filed a motion raising this defect. That occasioned the filing of a motion *ne recipiatur* by the defendant in the case. Those motions still were pending,

and thus the case had not been finally dismissed, when it was settled by the respondent, Ms. Green having consented to the proposed settlement with full knowledge of all pertinent circumstances."

Judge Greenfeld's Order of March 24, 1982, suspending operation of Md. Rule 530 for one year, unequivocally provides that the case would be dismissed for lack of prosecution if the case was not disposed of within the twelve month period. Evidence of several post-dismissal pleadings and a post-dismissal settlement between the parties in the circumstances of this case does not overcome the prima facie correctness of Judge Davis's factual findings. Accordingly, we find no merit to this exception.

### *Exception No. 6*

Along the same lines, Harris contends that Judge Davis erred in reaching the following conclusion of law:

"I find as a fact that the settlement that was reached occurred at a time when the case against Action T.V. Rental had been dismissed."

Judge Davis correctly characterized this finding as an issue of fact. For the reasons previously set forth, we find this exception to be without merit.

### *Exception No. 7*

Exception 7 relates to Harris's contention below that the case against Action TV never reached disposition due to Harris's inability to secure a trial date. Harris argues that the trial judge erred in reaching the following *conclusion of law:*

"I further find that there is no credible evidence before this Court to indicate that [Harris's law clerk] contacted the office of John Doud in regard to scheduling a trial date particularly in light of Doud's assertion that no contact was made with his office prior to the receipt of the May, 1983 letter sent by Respondent."

The factfinder determines the weight of the evidence, including whether to believe any witness. *Attorney Grievance Commission v. Winters*, 309 Md. 658, 666–67, 526 A.2d 55 (1987), and cases cited therein. Under the clearly erroneous standard, we will not substitute our judgment for that of the trial judge. This contention is without merit.

### Exception No. 8

██ Harris next excepts to Judge Davis's conclusion that the:

"Respondent failed to represent his client zealously through reasonably available means permitted by law in violation of Disciplinary Rule 7–101(A)(1) and that Respondent neglected a legal matter entrusted to him in violation of Disciplinary Rule 6–101(A)(3)."

The docket entry of March 25, 1983, reflecting the dismissal of Green's case, provides that judgment absolute was entered in favor of the defendants. It is our view that Harris violated DR 7–101(A)(1) and 6–101(A)(3) when his client's case was dismissed. Hence, we deny this exception.

### Exception No. 13

Harris contends that Judge Davis erred in finding that: "[R]espondent's representation of Delores Green ... was characterized by a cavalier informality, impatience with his clients, and a lack of professionalism."

This finding relates to Judge Davis's conclusion that Harris did not violate subsections (A)(3) and (4) of Disciplinary Rule 1–102. Inasmuch as Bar Counsel has not excepted to this finding and because this finding plays no part in our disposition of the other exceptions, we decline to address this contention.

### Exception No. 14

Finally, Harris objects to Judge Davis's conclusion that Harris violated DR 1–102(A)(1), DR 6–101(A)(3), and DR 7–101(A)(1). As we have affirmed the violations of DR

6–101(A)(3) (Exception 8, *supra*), and DR 7–101(A)(1) (Exception 8, *supra*), it follows that Harris violated DR 1–102(A)(1). Accordingly, we reject this exception.

## III

### *Complaint of Grady Jacks, Sr.*

#### *Exceptions Nos. 2, 3, 4, 5, 9, 10, 11, 12, 13, 15*

According to Judge Davis's findings, Harris began representing Grady Jacks, Sr., in June of 1982. Over the next few years, Harris handled some 19 personal injury claims for Jacks and his family. On numerous occasions during this period, Harris gave Mr. and Mrs. Jacks certain monies: some of the sums were personal loans, some were advances against the anticipated settlement of the tort claims, and others were actual settlement monies. On September 7, 1984, Harris informed Jacks that Jacks owed him some $3,500. Jacks, who disputed the debt, requested an accounting from Harris and filed a complaint against Harris with the Attorney Grievance Commission. As a result of the complaint, Harris froze all settlement funds which he held on behalf of the Jacks family pending resolution of these proceedings.

Based on this history, the Commission charged Harris with violating the following disciplinary rules:

Disciplinary Rule 1–102

"Misconduct.

 (A) A lawyer shall not:

 (1) Violate a Disciplinary Rule.

 (2) Circumvent a Disciplinary Rule through actions of another.

 (3) Engage in illegal conduct involving moral turpitude.

 (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

 (5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

Disciplinary Rule 5–103

"Avoiding Acquisition of Interest in Litigation.

(B) While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses."

Disciplinary Rule 9–102

"Preserving Identity of Funds and Property of a Client.

(B) A lawyer shall:

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Judge Davis concluded that Harris violated DR 1–102(A)(1), DR 5–103(B), and DR 9–102(B)(3), but did not violate DR 1–102(A)(2), (3), (4), (5), (6), and DR 9–102(B)(4).

*Exception 2*

In this exception, Harris contends that the trial judge erred in making the following finding of fact:

"He filed a Demurrer on October 15, 1979 to the Civil Action brought by the Respondent."

We agree with Harris that this finding relates to the Green complaint and not the Jacks complaint. Exception 2 is sustained.

### Exception 3

Harris next challenges Judge Davis's finding that Harris advanced $608.24 to Vincent Stark of Stark Realty Company for a delinquent mortgage payment. We have searched the record and find no clear and convincing evidence to support this finding. Accordingly, Exception 3 is sustained.

### Exception 4

Harris argues that the trial judge erred in making the following italicized finding:

> *"With respect to the failure of Respondent to give an accounting to Grady Jacks or his family for the 19 cases he handled for them,* he offered a letter of February 14, 1984 as a settlement sheet for the cases referenced therein."

As we read Judge Davis's memorandum of findings of fact and conclusions of law, the challenged language is merely a recital of the claims against Harris and not a finding of fact. This exception is denied.

### Exception 5

In the same vein, Harris claims that the trial judge erred in making the following "finding or conclusion:"

> "Petitioner asserts that DR 9–102(A)(2) is inapplicable to the present case, since, according to the Petitioner, Grady Jacks was not disputing the fee due Respondent; hence there was no reason to freeze the funds in Respondent's escrow account."

We perceive the quoted passage to be a summary of one of Bar Counsel's arguments rather than a finding of fact or conclusion of law. Accordingly, this exception is without merit.

### Exception 9

Exception 9 challenges the following conclusion of law:

"The advances, as set forth hereinabove, included ... an advance of $608.24 paid to Vincent Stark for delinquent Mortgage payments."

We agree with Harris for the reasons set forth in Exception 3. Exception 9 is sustained.

### Exception 10

Harris next claims that Judge Davis erred in concluding that Harris violated DR 5–103(B). As previously set forth, DR 5–103(B) prohibits a lawyer from providing financial assistance to a client while representing a client in connection with contemplated or pending litigation, except that under some circumstances a lawyer may advance or guarantee the expenses of litigation.

Judge Davis found that the monies advanced to the Jacks family from Harris included "a $3,500.00 deposit to the seller for the purchase of a house, $2400.00 for settlement on the Allendale Road property, a $332.75 advance for the purchase of a 1977 Cadillac automobile, $1500.00 for the tax and title on the automobile, ... and $750.00 for the purchase of a video machine." He further found that these sums were in no way advanced for the "expenses of litigation." [7]

■ In response to Harris's argument that the monies were not advanced in connection with contemplated or pending litigation inasmuch as it was Harris's intention to settle the cases out-of-court, Judge Davis concluded:

"Respondent was authorized to enter suit at any time under the provisions of the retainer agreement executed in each case. Each agreement further contained a provision regarding the contingent fee whether recovery was effectuated by a law suit or by settlement. In fact, Respondent did file suit in 1984. Finally, an attorney would be remiss if he undertook representation of his

---

7. Upon our review of the record, it appears that the $1500.00 was actually for the car and the $332.75 was for the taxes and title.

client without being prepared, if the eventuality arose, to pursue the course to whatever end the pre-litigation negotiations required. To do less would not be to properly represent his client."

We agree with Judge Davis and deny Exception 10.

## ⟨ *Exception 11*

In this exception, Harris challenges Judge Davis's conclusion that:

"[Harris] failed to maintain complete records of all funds, securities, and other properties of his client coming into the possession of the lawyer and to render appropriate accounts to his clients regarding them in violation of Disciplinary Rule 9–102(B)(3)."

Based on our review of the record, we cannot say that Judge Davis's conclusion was in error. Accordingly, we deny this exception.

## *Exception 12*

Harris also challenges the trial judge's conclusion that Harris violated a disciplinary rule contrary to DR 1–102(A)(1). As we have affirmed violations of DR 5–103(B) (Exception 10, *supra*) and DR 9–102(B)(3) (Exception 11, *supra*) with respect to Harris's representation of Jacks, this exception is without merit.

## *Exception 13*

Exception 13 is set forth in our discussion of the Green complaint, *supra*. For the same reasons, it is denied with regard to the Jacks complaint.

## *Exception 15*

Finally, Harris challenges Judge Davis's conclusion that Harris violated DR 1–102(A)(1), DR 5–103(B), and DR 9–102(B)(3). We have addressed these contentions in previous exceptions and have found them to be without merit. Exception 15 is denied.

## IV

### *Petitioner's Exception*

Bar Counsel excepts to Judge Davis's failure to find a violation of Disciplinary Rule 9–102(B)(4). Judge Davis found there was no clear and convincing evidence to support the conclusion that Harris violated DR. 9–192(B)(4). Based on our review of the record, we are unable to say that Judge Davis's finding is clearly erroneous. Accordingly, this exception is denied.

## V

### · *Sanction*

 The severity of the sanction to be imposed depends upon the facts and circumstances of each case. *Attorney Grievance Commission v. Brown*, 308 Md. 219, 236, 517 A.2d 1111, 1119 (1986). With respect to the charges in connection with Harris's representation of Delores Green, we have upheld Judge Davis's conclusion that Harris neglected a legal matter in violation of DR 6–101(A)(3), failed to represent his client zealously in violation of DR 7–101(A)(1), and violated a disciplinary rule in contravention of DR 1–102(A)(1). With respect to the charges in connection with Harris's representation of the Jacks family, we have upheld Judge Davis's conclusion that Harris advanced financial assistance to his client in violation of DR 5–103(B), failed to maintain complete records and render appropriate accounts in violation of DR 9–102(B)(3), and violated a disciplinary rule in contravention of DR 1–102(A)(1). The Commission seeks a nine month suspension. It cites *Bar Association of Baltimore City v. Cockrell*, 274 Md. 279, 334 A.2d 85 (1975).

Considering all the circumstances in the case, we conclude that the appropriate sanction to be imposed is suspension from the practice of law in this State for six months. We recognize that Harris has had no disciplinary action taken against him since his admission to the bar in 1968. Nevertheless, the violations here are sufficiently serious to

warrant suspension for this length of time. The suspension shall begin thirty days after the filing of the opinion in this case and shall continue thereafter until Harris has paid his portion of costs in this case.

IT IS SO ORDERED; RESPONDENT TO PAY TWO-THIRDS AND THE ATTORNEY GRIEVANCE COMMISSION TO PAY ONE-THIRD OF THE COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15 c. FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ALAN EDGAR HARRIS.