784 A.2d 516

ATTORNEY· GRIEVANCE COMMISSION OF MARYLAND

v.

Alan Edgar HARRIS.

Misc. Docket (Subtitle AG) No. 30 Sept. Term, 2000.

Court of Appeals of Maryland.

Nov. 6, 2001.

378

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Deputy Bar Counsel, for the Atty. Grievance Com'n of Maryland, petitioner.

Benjamin Lipsitz, Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

HARRELL, Judge.

Pursuant to Maryland Rule 16–709(a),[1] Bar Counsel, on behalf of the Attorney Grievance Commission, Petitioner, and at the direction of the Review Board, filed a petition with this Court initiating disciplinary proceedings against Alan Edgar Harris, Respondent, a member of the Maryland bar. In this

---

**1.** Rule 16–709(a) states that "[c]harges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board." This case arose and was processed under the attorney grievance rules in effect prior to 1 January 2001. Thus, we refer to those relevant rules as they existed prior to that date.

petition, Bar Counsel asserted two complaints alleging violations of the Maryland Rules of Professional Conduct (MRPC) 1.1 (competence); 1.3 (diligence in representation); 1.4 (communication with clients); 1.16(a)(2) (declining or terminating representation); 3.2 (expediting litigation); 8.1(b) (disciplinary matters); and 8.4(d) (misconduct) in connection with Respondent's representation of Michael Sims, Lorraine Sims, Kim Branch and Terlonda Sims [2] (collectively referred to as "Sims"), and Shantrice Braswell [3] in unrelated cases. This Court referred the matter to Judge Marcella A. Holland of the Circuit Court for Baltimore City to conduct an evidentiary hearing and make findings of fact and conclusions of law in accordance with Md. Rules 16–709(b) [4] and 16–711(a).[5]

Following an evidentiary hearing, at which Respondent and his counsel were present and fully participating, Judge Holland found, by clear and convincing evidence, that Respondent violated MRPC 1.3, 1.4(a), 1.16(a)(2), and 3.2 relating to his representation in both the Sims and Braswell matters and Rule 1.4(b) in the Sims matter. Judge Holland further concluded that Respondent did not violate MRPC 1.1, 8.1(b) and 8.4(d) in both the Sims and Braswell matters, nor Rule 1.4(b) in the Braswell matter.

---

**2.** *Sims v. Wolf,* Case No. 93355057/CL174106, an automobile tort case, was filed by Respondent in the Circuit Court for Baltimore City. Michael and Lorraine Sims are husband and wife. Terlonda Sims is Mr. Sims's daughter and Kim Branch is his niece, and were passengers in a vehicle operated by Mr. Sims in which Mrs. Sims was also a passenger.

**3.** *Braswell v. Weissberg,* Case No. 0101–0046353–97, also an automobile negligence action, was filed by Respondent in the District Court of Maryland sitting in Baltimore City.

**4.** Rule 16–709(b) states that the "Court of Appeals by order may direct that the charges be transmitted to and heard in any court and shall designate the judge or judges to hear the charges and the clerk responsible for maintaining the record in the proceeding."

**5.** Rule 16–711(a) states that "[a] written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

From the evidentiary record below, Judge Holland made the following findings of fact pertaining to Respondent's conduct regarding his representation of Sims and Ms. Braswell.

## I.

### A. *General Background*

1. Respondent is an attorney licensed to practice law in the State of Maryland since 1960. Respondent has represented between fifteen and twenty thousand clients in automobile negligence cases. While serving in the military, Respondent investigated automobile cases for two years. He worked as a claims adjuster for USF & G between 1956 and 1959.

2. Respondent was previously sanctioned for violation of the Maryland Rules of Professional Conduct.[6]

3. Respondent was notified of the present action on 4 September 1998. The response to the action was filed on 24 February 1999.

### B. *Facts Relevant to Sims*

1 On 22 December 1990, Sims was in an automobile accident. As a result of the accident they retained the Respondent to represent them. They received medical treatment for soft tissue injuries arising from the acci-

---

**6.** In Petitioner's recommendation for sanctions, Bar Counsel enumerates three prior occasions in which Respondent was sanctioned by this Court, summarized as follows: (1) a reprimand by consent of this Court on 10 June 1999 relating to Respondent's violation of MRPC 1.3 and 1.4 concerning Respondent's failure to file suit on behalf of his client within the statute of limitations; (2) a reprimand on 9 April 1996 for Respondent's "neglect of a client's legal matter and his failure to substantively communicate" with the client. *Attorney Grievance Comm'n v. Harris,* Misc. Docket (Subtitle BV), September Term, 1993 (unreported); and (3) a six month suspension on 30 July 1987 for various disciplinary violations, including "neglect[ ][of] a legal matter" and "fail[ure] to represent his client zealously." *Attorney Grievance Comm'n v. Harris,* 310 Md. 197, 528 A.2d 895 (1987), *cert. denied,* 484 U.S. 1062, 108 S.Ct. 1020, 98 L.Ed.2d 985 (1988).

dent through January 1991, collectively incurring $5,293.00 in medical bills.

2. Respondent contacted the defendant's insurance carrier, CNA, in an effort to settle the case between the date of the accident and July 1992. Respondent did not make a demand for payment during these discussions and CNA denied payment. No written notification of denial was presented to Respondent by CNA. On 13 July 1992, Respondent submitted Sims' medical bills to CNA. Personal Injury Protection (PIP) was paid to Sims by Liberty Mutual Insurance Company on 21 February 1991.

3. On 22 July 1993, Michael Sims was convicted in the Circuit Court for Baltimore County of possession of cocaine with intent to distribute. He was sentenced to a term of imprisonment for five (5) years with all but one (1) year suspended, and four (4) years probation upon release.

4. According to Respondent, he was reluctant to proceed with the negligence suit, in the event it could not be settled out of court, based on Michael Sims's recent criminal record. None of the other co-plaintiffs had a criminal record. Respondent's eventual decision not to pursue the civil case in trial was based on Michael Sims's criminal record.

5. Through the course of the civil case, Respondent spoke primarily with Michael Sims. According to Respondent, Michael Sims was the spokesperson for the group of co-plaintiffs and had permission to speak on their behalf.

6. On 21 December 1993, Respondent filed a complaint in the Circuit Court for Baltimore City on behalf of the Sims plaintiffs. Respondent failed to serve the defendant in the case with a Complaint and Summons. CNA never received notice of the Complaint filed in Court and therefore closed its file regarding the case.

7. On 23 September 1997, the Circuit Court for Baltimore City sent out a Notification to Parties of Contemplated

Dismissal pursuant to Maryland Rule 2–507.[7] In response, Respondent filed a Motion to Suspend Maryland Rule 2–507 on 27 October 1997. The defendant in the matter, Raymond Wolf, Sr., filed Defendant's Opposition to Plaintiffs' Motion to Defer Dismissal Pursuant to Rule 2–507 on 12 December 1997. A hearing was scheduled on 15 December 1997. Plaintiff did not appear for the hearing in person or through Respondent. Respondent's motion was denied and the case was dismissed without prejudice on 15 December 1997.

### C. *Facts Relevant to Ms. Braswell*

1. On 11 January 1995, Shantrice Braswell, a pedestrian, was struck by a car driven by Myrtle Weissberg in a hit and run accident. Ms. Braswell was a minor at the time of the accident.[8]

2. Respondent was retained by Tammy Braswell, Shantrice's mother, on her behalf. Respondent had previously represented Mrs. Braswell in another matter.

3. On 12 January 1995, Respondent obtained the name and address of the defendant from the Motor Vehicle Administration based on a license plate number provided by an unidentified witness to the accident.

4. In January 1995, the defendant's insurance company, CNA, contacted Respondent and acknowledged representation of the defendant. Respondent did not make a demand to the insurance company, but the insurance company offered $1,000.00 to Ms. Braswell.

---

7. In pertinent part, Md. Rule 2–507(c) provides "[a]n action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131, or Rule 2–132, except that an action for limited divorce or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry."

8. Ms. Braswell's date of birth is 8 July 1980. She was fourteen (14) years old on the date of the accident.

5. Ms. Braswell received medical treatment from 13 January 1995 until February 1995 for soft tissue injuries received in the accident. Respondent received copies of those medical records on 13 August 1996. Respondent made a claim for PIP more than one year after the accident occurred due to the fact that he did not have the plaintiff's medical records. There are no records of written or oral communication by the Respondent requesting the necessary medical records.

6. On 3 November 1997, a complaint was filed in the District Court of Maryland sitting in Baltimore City. The defendant filed a notice of intention to defend on 22 December 1997 through her attorney, Mary G. Weidner, Esquire, and mailed interrogatories to Respondent. A trial date was set for 2 February 1998.

7. Defense counsel contacted Respondent on 26 January 1998 regarding not having received the answers to interrogatories. Respondent, the following day, filed a motion requesting a postponement of the trial date, which was granted. The trial date was rescheduled for 8 June 1998.

8. On 9 February 1998, defense counsel, again, contacted Respondent regarding the missing answers to interrogatories. At this time, Respondent explained that he had been unable to meet with his client to answer the interrogatories.

9. Defense counsel filed a Motion for Sanctions against Respondent for failure to provide discovery on 12 February 1998. Respondent did not file a response to that motion. At the hearing on this matter, Respondent testified that Mrs. Braswell missed an appointment to answer the interrogatories. Respondent cited the missed appointment as the reason the interrogatories were not answered. Respondent did not reschedule the appointment, nor did he mail the interrogatories to Mrs. Braswell to answer, claiming it was his practice to meet with the client to go over the interrogatories.

10. On 8 June 1998, Respondent failed to appear for the trial and the case was dismissed with prejudice.

11. Respondent filed a motion to strike the judgment on 8 July 1998, which was denied. Respondent filed an appeal in the Circuit Court for Baltimore City on 21 August 1998. A hearing was held on 31 March 1999. On 12 April 1999, an Order was signed vacating the dismissal with prejudice and further remanded the case to the District Court so that an order dismissing the case without prejudice could be entered.

12. Respondent sent a letter to Mrs. Braswell on 20 September 2000, explaining that the case was dismissed without prejudice and the statute of limitations would run on 7 July 2001, Ms. Braswell's twenty-first (21) birthday. The letter further explained that Ms. Braswell could refile the claim, but would need to hire a new attorney if she wished to pursue the matter further.

### C. *Facts Concerning Respondent's Personal Circumstances*

1. Respondent suffered numerous personal tragedies between mid-May and mid-June 1998. Among those tragedies were the deaths of his mother on 31 May 1998 and mother-in-law on 9 June 1998. While attending to these tragedies, Respondent was frequently out of the office and therefore unaware of his trial schedule. According to Respondent, his failure to appear for trial on 8 June 1998 was due to his attention to these personal matters.

Respondent filed three exceptions to Judge Holland's findings of fact and conclusions of law. Respondent's first two exceptions related to Judge Holland's failure to make any findings of fact or conclusions of law concerning several defenses, raised in Respondent's Answer to Petition for Disciplinary Action, pertaining to the pre-petition proceedings. Respondent also excepted to Judge Holland's conclusion that he violated MRPC 1.3, 1.4(a), 1.16(a)(2), and 3.2 in both the

Sims and Braswell matters and Rule 1.4(b) in the Sims matter. We find these exceptions to be without merit and overrule them. On the other hand, Petitioner excepts to Judge Holland's conclusion that Respondent did not violate MRPC 1.1 and 8.4(d). We sustain Petitioner's exceptions.[9] We address Respondent's exceptions below.

## II.

### A. *Standard of Review*

It is well settled that this Court has original jurisdiction over all attorney disciplinary proceedings. *See Attorney Grievance Comm'n v. Zdravkovich,* 362 Md. 1, 20, 762 A.2d 950, 960 (2000); *Attorney Grievance Comm'n v. Sheridan,* 357 Md. 1, 17, 741 A.2d 1143, 1152 (1999); *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 470, 671 A.2d 463, 473 (1996); *see also* Md. Rule 16–709(b) (stating "[c]harges against an attorney shall be filed on behalf of the [Attorney Grievance] Commission in the Court of Appeals."). As to Respondent's exceptions to Judge Holland's findings, " 'we [make] an independent, detailed review of the complete record with particular reference to the evidence relat[ed] to the disputed factual finding.' " *Sheridan,* 357 Md. at 17, 741 A.2d at 1152 (quoting *Glenn,* 341 Md. at 470, 671 A.2d at 473–74 (quoting *Bar Ass'n v. Marshall,* 269 Md. 510, 516, 307 A.2d 677, 680–81 (1973))). In our review, "we must keep in mind that the findings of the [hearing] judge are *prima facie* correct and will not be disturbed unless clearly erroneous." *Glenn,* 341 Md. at 470, 671 A.2d at 474. *See Attorney Grievance Comm'n v. Kemp,* 303 Md. 664, 674, 496 A.2d 672, 677 (1985); *Attorney Grievance Comm'n v. Collins,* 295 Md. 532, 548, 457 A.2d 1134, 1142 (1983); *Attorney Grievance Comm'n v. Kahn,* 290 Md. 654, 678, 431 A.2d 1336, 1349 (1981). We note that the hearing

---

**9.** With respect to violation of MRPC 8.1(b) in the Sims and Braswell matters and 1.4(b) in the Braswell matter, Judge Holland found that there was no clear and convincing evidence regarding the charged violations. Bar Counsel has not excepted to these findings and thus we shall not consider those charges further.

judge " 'may elect to pick and choose which evidence to rely upon,' " *Kemp,* 303 Md. at 675, 496 A.2d at 677 (quoting *Attorney Grievance Comm'n v. Nothstein,* 300 Md. 667, 684, 480 A.2d 807, 816 (1984)), for she or he "is in the best position to assess first hand a witness's credibility." *Sheridan,* 357 Md. at 17, 741 A.2d at 1152. Therefore, we will not tamper with Judge Holland's factual findings if they are grounded in clear and convincing evidence. *See Kahn,* 290 Md. at 679, 431 A.2d at 1349.

We recently reiterated the definition of clear and convincing evidence in *Attorney Grievance Comm'n v. Mooney,* 359 Md. 56, 753 A.2d 17, (2000):

> The requirement of "clear and convincing" or "satisfactory" evidence does not call for "unanswerable" or "conclusive" evidence. The quality of proof, to be clear and convincing, has also been said to be somewhere between the rule in ordinary civil cases and the requirement of criminal procedure—that is, it must be more than a mere preponderance but not beyond a reasonable doubt. It has also been said that the term "clear and convincing" evidence means that the witnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable the trier of the facts to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. Whether evidence is clear and convincing requires weighing, comparing, testing, and judging its worth when considered in connection with all the facts and circumstances in evidence.

359 Md. at 79, 753 A.2d at 29 (quoting *Berkey v. Delia,* 287 Md. 302, 320, 413 A.2d 170, 178 (1980) (citing *Whittington v. State,* 8 Md.App. 676, 679 n. 3, 262 A.2d 75, 77 n. 3 (1970))).

### B. *Respondent's Exception 1*

Respondent asserts that Judge Holland erred in failing to make any findings of fact and conclusions of law with respect to issues set forth in his second, third, fourth, fifth and

seventh defenses in his Answer to Petition for Disciplinary Action, which we summarize below:

> *Second Defense:* Petitioner's pleading for disciplinary action improperly alleged, in the same single count, multiple charges of misconduct arising from two separate and distinct causes of action, specifically, the Sims and Braswell matters.
>
> *Third Defense:* Respondent was denied due process [10] in Petitioner's pre-petition proceedings, specifically: (a) Respondent was excluded from participation in the selection of the members of the Inquiry Panel; (b) the membership of the original Inquiry Panel was altered without Respondent's knowledge or prior notification, in spite of there having been ample time to do so, thereby effectively depriving Respondent of his ability to object to a panel member for cause; [11] (c) Petitioner improperly combined for hearing two separate and distinct causes of action, Sims and Braswell, before the same Inquiry Panel, thereby depriving Respondent of a fair and impartial hearing; and (d) Petitioner improperly sub-

---

**10.** Respondent also claimed he was denied equal protection, but offered no support for doing so. *See Harris,* 310 Md. at 202 n. 4, 528 A.2d at 897 n. 4; *Attorney Grievance Comm'n v. Brown,* 308 Md. 219, 223, 517 A.2d 1111, 1112 (1986).

**11.** Respondent argues this constitutes a violation of the Attorney Grievance Commission's Administrative and Procedural Guidelines ("Guidelines") § 5–101(b), pertaining to Inquiry Panel procedures, that provides in pertinent part:

> If the Respondent objects to any member serving on the Panel because of conflicting interests, the Respondent shall give written notice to the Panel Chairman within ten (10) days of receipt of the names of Panel members, explaining the basis of the allegation, with copies to the Committee Chairman and Bar Counsel. The Panel Chairman or the Committee Chairman (if the Panel Chairman is alleged to have conflicting interest) shall rule promptly on the allegation of conflicting interests of a member. If it is determined that the Panel member is disqualified on grounds of conflicting interests, the Committee Chairman, Respondent and Bar Counsel shall be promptly informed, and the Committee Chairman shall appoint a substitute member of the Panel.

The Guidelines were recommended by the Commission and approved by the Court pursuant to Rule 16–703(b)(i).

mitted Respondent's prior disciplinary history to the Inquiry Panel before it had made a determination in the Sims and Braswell matters, and such submission deprived Respondent of a fair and impartial hearing.

*Fourth Defense:* It was improper for Bar Counsel's office to appear for Petitioner in this action, when the complainant in the grievance proceeding was Bar Counsel.

*Fifth Defense:* Petitioner's functioning as complainant, investigator, charging party, prosecutor, hearing agency and, in its administrative proceedings, as the deciding agency, deprived Respondent of due process of law and equal protection of the laws.

*Seventh Defense:* The hearing judge's post-petition proceeding was tainted by Petitioner's pre-petition proceedings and activities.

■ Respondent was not prejudiced by Judge Holland considering multiple charges of misconduct arising from the Sims and Braswell matters in a single disciplinary proceeding. *See Attorney Grievance Comm'n v. Stewart*, 285 Md. 251, 259–60, 401 A.2d 1026, 1030 (1979).

■ We now turn to Respondent's exception relating to Judge Holland's failure to make any findings of fact and conclusions of law concerning the above enumerated defenses regarding the pre-petition proceedings. We find that Respondent's exception on this issue is without merit.

■ While it is true that Judge Holland did not address this in her memorandum, she was not obligated to do so and her omission did not prejudice Respondent. It is well settled, a point conceded by Respondent at both the evidentiary hearing and in his exceptions, that "if a lawyer is given notice and the opportunity to defend in a full and fair hearing before a three-judge panel [then serving much the same function as a single judge does currently], the question whether he was accorded due process of law by the Inquiry Panel and the Review Board is ordinarily immaterial." *Stewart*, 285 Md. at 259, 401 A.2d at 1030. *See also Harris*, 310 Md. at 202, 528 A.2d at 897;

*Bar Ass'n of Baltimore v. Posner,* 275 Md. 250, 255, 339 A.2d 657, 659–60 (1975); *Maryland State Bar Ass'n v. Frank,* 272 Md. 528, 538, 325 A.2d 718, 723–24 (1974). We have held that attorney disciplinary proceedings for professional misconduct are not criminal proceedings, and "[a]ccordingly, a lawyer charged with misconduct is not entitled, at any stage of disciplinary proceedings, to all of the constitutional safeguards accorded an accused in a criminal proceeding." *Stewart,* 285 Md. at 258–59, 401 A.2d at 1029–30. We have likened proceedings conducted by the Inquiry Panel and Review Board "to the proceedings conducted by a grand jury in criminal cases. Their purpose is to aid in determining whether to institute disciplinary action. They are investigatory in nature and informal to the extent that the rules of evidence need not apply." *Stewart,* 285 Md. at 259, 401 A.2d at 1030. *See also Attorney Grievance Comm'n v. McBurney,* 282 Md. 116, 121–23, 383 A.2d 58, 61–62 (1978); *Frank,* 272 Md. at 538, 325 A.2d at 723–24.

Respondent urges this Court to reassess the reasoning of *Stewart* in the instant case in light of the fact that Petitioner violated its own procedural guidelines when it failed to give Respondent prior notification of substitutions made to the membership of the Inquiry Panel as originally constituted. We are not persuaded. Moreover, we addressed this issue in *Harris,* when we explained that if there is cause for objection to a Panel member based on conflict of interest grounds, an attorney may give written notice to the Panel Chairman in accord with procedural guidelines. 310 Md. at 202–03, 528 A.2d at 897–98. There was nothing to preclude Respondent from submitting written notification to the Panel Chairman within the required ten (10) days of his Panel hearing, when he first became aware of the identity of the ultimate Panel members and their alleged potential conflicts. While the record indicates Respondent's counsel made a verbal objection at the Inquiry Panel hearing, there is nothing to indicate he put his objection in writing as required by the Guidelines. Moreover, this Court is not convinced that there was an actual or apparent conflict of interest between Respondent and any

Panel member, or any prejudice as a result of the substitutions. Respondent was afforded notice and an opportunity to defend in a full and fair hearing before Judge Holland. Accordingly, his various defenses asserting denial of due process in the pre-petition proceedings are without merit.

### C. *Respondent's Exception 2*

For the reasons enumerated above, we overrule Respondent's second exception that Judge Holland failed to afford appropriate effect to the evidence bearing upon the issues raised by his second, third, fourth, fifth and seventh defenses, particularly whether the effect of Petitioner's activities and administrative proceedings deprived Respondent of due process of law.

### D. *Respondent's Exception 3*

We now turn to Respondent's third exception relating to Judge Holland's findings of fact and conclusions of law that he violated MRPC 1.3, 1.4(a), 1.16(a)(2), and 3.2 in both the Sims and Braswell matters, and Rule 1.4(b) in the Sims matter. Respondent argues these findings and/or conclusions are not supported by clear and convincing evidence.

We have made an independent and thorough review of the record, and conclude that Judge Holland's findings of fact and conclusions of law as they relate to these violations are supported by clear and convincing evidence.

### i. *Violation of MRPC 1.3*

**Maryland Rule of Professional Conduct 1.3**—*Diligence.*

A lawyer shall act with reasonable diligence and promptness in representing a client.

Judge Holland concluded that Respondent failed to diligently represent Sims based on her findings that Respondent did not file a complaint in the matter until nearly three years after the accident (even though he was hired almost immediately following the accident), Respondent failed to serve the defendant, which resulted in a motion for dismissal under Rule 2–

507, and then failed to appear for the scheduled hearing on the motion. In a blanket assertion meant to cover all of Judge Holland's adverse findings or conclusions, Respondent desires that we excuse his failure to serve the defendant and appear at the Rule 2–507 hearing on the basis that he had no intention of taking the case to trial if it could not be settled.[12] Moreover, Respondent asserts that Michael Sims, a plaintiff in the matter and the alleged spokesperson for his co-plaintiffs, was informed and approved of Respondent's decision. Judge Holland concluded that Respondent's filing of a motion to suspend operation of the Rule 2–507 dismissal belied Respondent's assertion. We agree.

█ Our review of the record indicates Respondent was frustrated in his attempts to settle with the defendant's insurance company in the three years following the accident, at which point he filed a complaint within one day of the expiration of the statute of limitations. Nearly four (4) years later, and in response to the court's notification of a contemplated dismissal for lack of prosecution, Respondent filed a motion to suspend operation of Rule 2–507, asserting that Sims had a "meritorious case" and "if the Court strikes the Order of Dismissal and re-instates the case and suspends the operation of Maryland Rule 2–507, the Plaintiff is *ready and eager to proceed with the case* and will make every effort to bring the case to a conclusion within such time as the Court orders." (Emphasis added). Neither Respondent nor Sims appeared for the Rule 2–507 hearing. We stated in *Mooney,* " 'this Court has consistently regarded neglect and inattentiveness to a client's interests to be [an ethical violation] warranting the imposition of some disciplinary sanction.' " 359 Md. at 76, 753 A.2d at 27 (quoting *Attorney Grievance Comm'n v. Montgomery,* 296 Md. 113, 120, 460 A.2d 597, 600 (1983)). Judge Holland's conclusion that Respondent violated MRPC 1.3 by his failure to serve the defendant and appear at the Rule 2–

12. Respondent also testified that his failure to serve the defendant in the Sims case was as a result of personal misfortunes that preoccupied his attention during his representation of Sims, discussed *infra.*

507 hearing is supported by clear and convincing evidence. This exception is overruled.

 In regard to the Braswell matter, Respondent acknowledges he failed to appear for trial, resulting in the case being dismissed with prejudice. Respondent offers as explanation for his neglect during that time, the recent death of his mother and frequent absences from his office while attending to the needs of his dying mother-in-law, during which time he was unaware of his trial schedule. He further suggests that any prejudice to his client caused by his failure to appear for trial was remedied as a result of the appeal to the Circuit Court, which modified the District Court's judgment to dismissal without prejudice. While we sympathize with Respondent's personal tragedies and attendant duties during this time, Respondent's inability to diligently represent Ms. Braswell was a violation of MRPC 1.16(a)(2), discussed *infra.* Moreover, extenuating circumstances surrounding Respondent's neglect, as well as the fact that his client ultimately was not prejudiced, are considerations for determining the proper sanction. *See Attorney Grievance Comm'n v. Jaseb,* 364 Md. 464, 481–82, 773 A.2d 516, 526 (2001) (quoting *Glenn,* 341 Md. at 488–89, 671 A.2d at 483 (suggesting a non-exclusive list of mitigating factors this Court will consider in determining the proper sanction) (citations omitted)).

 Respondent excepts to Judge Holland's conclusion that he violated Rule 1.3 by failing to answer defendant's interrogatories in the Braswell case. Respondent argues his failure to do so was the result of Mrs. Braswell's lack of cooperation in missing a scheduled appointment to review the interrogatories. Judge Holland rejected his assertion, noting Respondent's testimony that he made no further effort to reschedule the appointment or to mail the interrogatories to Mrs. Braswell as a means to obtain answers. In our review of the record, we find Respondent's exception to be without merit. Defendant's interrogatories were mailed to Respondent on 22 December 1997. Respondent failed to respond to the interrogatories prior to the 8 June 1998 court date, in spite

of repeated attempts by defendant's counsel to secure discovery, including a hearing for sanctions on the matter. We agree with Judge Holland that Respondent's failure to make reasonable attempts to respond to defendant's interrogatories in furtherance of his client's interests was in violation of Rule 1.3. Accordingly, we overrule this exception.

### ii. *Violation of MRPC 1.4*

**Maryland Rule of Professional Conduct 1.4**—*Communication.*

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Respondent next excepts to Judge Holland's conclusion that he violated MRPC 1.4(a) and (b) in the Sims case by failing to communicate with the plaintiffs, other than Michael Sims. Respondent asserts there was an agreement among the Sims plaintiffs that Michael Sims would represent the group regarding communication with Respondent. Finding no evidence that such an agreement existed, either by witness testimony from the Sims plaintiffs or a written agreement or documentation of an oral agreement, Judge Holland concluded that Respondent violated MRPC 1.4(a) by failing to communicate with the Sims plaintiffs, other than Michael Sims, about the status of their case. For the same reason, Judge Holland concluded Respondent violated MRPC 1.4(b) by failing to explain to the Sims plaintiffs, other than Michael Sims, the consequences of allowing the lawsuit to be dismissed. Respondent argues that this reasoning is erroneous because his testimony at the evidentiary hearing provided evidence of the existence of the agreement. Moreover, he argues, Petitioner bore the burden of establishing by clear and convincing evidence the nonexistence of the agreement, whether through

witnesses or documents. Respondent's argument is misguided.

Petitioner proved by clear and convincing evidence through Respondent's own testimony that Respondent had communicated with Michael Sims to the exclusion of the other co-plaintiffs. *See Attorney Grievance Comm'n v. Powell*, 328 Md. 276, 287, 614 A.2d 102, 108 (1992) (holding Bar Counsel must prove "by clear and convincing evidence the factual determinations essential to establishing its case against the [defending] attorney."); *Attorney Grievance Comm'n v. Bakas*, 322 Md. 603, 606, 589 A.2d 52, 53 (1991).

Q. [Bar Counsel]: You were dealing with the other individuals through Mr. Sims, is that correct?

A. [Respondent]: Mr. Sims was the spokesman for the family. Now, even though he was running around with a sixteen year girl or seventeen year old girl, he—

Q. [Bar Counsel]: Your Honor, again, I ask this be stricken.

A. [Respondent]: All right. Yes, he was. Yes. He was the spokesman for the family. He was the pater familius, as we say in Latin.

\* \* \* \*

Q. [Bar Counsel]: Did you ever contact any of your other clients with respect to the dismissal of the case?

A. [Respondent]: No, just Michael Sims.

\* \* \* \*

Respondent must prove, by a preponderance of the evidence, that he had an agreement with the Sims plaintiffs that Michael Sims would be their spokesperson. *See Sheridan*, 357 Md. at 17–18, 741 A.2d at 1152 (quoting *Powell*, 328 Md. at 288, 614 A.2d at 108 (holding that "an attorney in a disciplinary proceeding need only establish factual matters in defense of the attorney's position by the preponderance of evidence")). He failed to convince Judge Holland of that fact:

Q. [Bar Counsel]: Do you have any evidence or anything in writing in your files which would indicate that you

were to speak only with Michael [Sims] with respect to these cases?

A. [Respondent]: No. It was understood.

The only other proof offered by Respondent as to the existence of an agreement was the absence of oral or written documentation to the contrary:

Q. [Respondent's Counsel]: Okay. Now, you stated that Mr. Sims, Michael Sims was to be the spokesman for the group. Is that correct, sir?

A. [Respondent]: That's right.

Q. [Respondent's Counsel]: Did any other of the four people involved or three people involved ever tell you that was not the situation?

A. [Respondent]: No.

Q. [Respondent's Counsel]: Any of them ever tell you in writing that it was not the situation?

A. [Respondent]: No.

Q. [Respondent's Counsel]: Any of them ever tell you other than in writing that was not the situation?

A. [Respondent]: No.

Q. [Respondent's Counsel]: Any of them ever object to you about the fact that Mr. Sims was the spokesman?

A. [Respondent]: No. This was the way it was done. Instead of making four phone calls, I made one phone call.

This was not convincing, particularly in light of the fact that Respondent's reluctance to proceed to trial arose, to a large extent, from the assumed effect Michael Sims's prior drug conviction would have on the civil case, a concern that was not shared by his co-plaintiffs. Respondent failed to sustain his burden of proving by a preponderance of the evidence the existence of an agreement among the Sims plaintiffs that Michael Sims would be their spokesperson. Accordingly, this exception is overruled.

In regard to the Braswell matter, Respondent excepts to Judge Holland's conclusion that he violated MRPC 1.4(a) by not keeping Mrs. Braswell reasonably informed of the status of her minor child's pending case, including a $1,000 settlement offer made by defendant's insurance company. Respondent notes that the only witnesses in the Braswell matter were Mrs. Braswell and the Respondent. Respondent suggests that Mrs. Braswell's testimony did not rise to the level of clear and convincing evidence in view of her limited recall of several events.[13] As we have previously stated, the "factfinder determines the weight of the evidence, including whether to believe any witness." *Harris,* 310 Md. at 210, 528 A.2d at 901. *See Attorney Grievance Comm'n v. Winters,* 309 Md. 658, 666–67, 526 A.2d 55, 59 (1987). It is the essence of the fact-finding function that a trial judge clearly " 'may elect to pick and choose which evidence to rely upon.' " *Kemp,* 303 Md. at 675, 496 A.2d at 677 (quoting *Nothstein,* 300 Md. at 684, 480 A.2d at 816). Applying the clearly erroneous standard, we will not substitute our judgement for that of Judge Holland where it was dependent on her assessment of witness credibility. *See Sheridan,* 357 Md. at 17, 741 A.2d at 1152; *Harris,* 310 Md. at 210, 528 A.2d at 901. This exception is overruled.

### iii. *Violation of MRPC 1.16(a)(2)*

**Maryland Rule of Professional Conduct 1.16**—*Declining or terminating representation.*

In pertinent part:

---

**13.** Respondent alludes to Mrs. Braswell's confusion as to whether she was informed by Respondent of the $1,000 settlement offer; her failure to recall receiving any correspondence concerning the case, including a letter dated 20 September 2000 addressed to her and her daughter from Respondent (Petitioner's Exhibit No. 4); and her denial that Respondent had ever been to her home or that she had been to Respondent's office, in spite of there being a retainer agreement and authorization for medical records signed by her (Respondent's Exhibits Nos. 3 & 4).

(a) [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . .

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; . . . .

■■■■■ Respondent next excepts to Judge Holland's conclusion that Respondent violated MRPC 1.16(a)(2) by failing to decline or terminate his representation in the Sims matter in light of Respondent's personal medical stresses and other family tragedies that occurred during the relevant time. We overrule this exception. Proof that Respondent violated MRPC 1.16(a)(2) "requires the production of evidence on the basis of which it may be found that the respondent did not represent a client adequately." *Attorney Grievance Comm'n v. Keister*, 327 Md. 56, 71, 607 A.2d 909, 916 (1992). The record indicates repeated testimony from Respondent explaining that his failure to serve the Sims defendant was due, at least in part, to medical illness and family tragedies. This was further attested to in his motion to suspend dismissal of the case under Rule 2–507, which provided, in pertinent part:

> The Plaintiff's Counsel underwent serious cancer surgery with complications and after effects, had death of a parent, mental illness of another parent as the result of the death of the first parent during the period of time that this case was filed, through and until recent date and has fallen behind on his schedule and work. . . .

> For the reasons set forth in the preceding paragraph, service of process in this matter was not completed through no fault of the Plaintiff who has a meritorious case.

Respondent cannot have it both ways. There is clear and convincing evidence that Respondent's representation of Sims was substantially impaired by his distraction with personal problems. Accordingly, we overrule this exception.

■■■■ Along the same lines, Respondent asserts that Judge Holland erred in concluding that Respondent violated MRPC 1.16(a)(2) in the Braswell case by failing to withdraw from his representation of Ms. Braswell while he was attending to the

needs of his dying mother and mother-in-law, and mourning their subsequent deaths. Respondent concedes that as a result of these occurrences, he failed to appear for trial, and the case was dismissed with prejudice. Respondent suggests, however, that his neglect was mitigated by his subsequent appeal which resulted in a dismissal without prejudice, thereby preserving his client's claim until such time as she attained the age of twenty-one (21) years. As previously noted, *supra,* extenuating circumstances surrounding Respondent's neglect, as well as the fact that his client ultimately was not prejudiced, are more properly considerations for determining the proper sanction. *See Jaseb,* 364 Md. at 481–82, 773 A.2d at 526 (quoting *Glenn,* 341 Md. at 488–89, 671 A.2d at 483 (citations omitted)). Judge Holland concluded, and we agree, that under the circumstances, Respondent should have foreseen that his ability to represent Ms. Braswell would be substantially impaired by his preoccupation with personal matters during this time. Respondent's exception is overruled.

### iv. *Violation of MRPC 3.2*

**Maryland Rule of Professional Conduct**—*Expediting Litigation.*

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

 Finally, Respondent excepts to Judge Holland's conclusion that he violated MRPC 3.2 by failing to serve the defendant in the Sims case, thereby causing a delay in litigation inconsistent with the interests of his clients. Respondent argues that his actions in the matter, including his failure to appear at the Rule 2–507 hearing, were within the undertaking of his agreement with the Sims clients not to proceed to trial if the case did not settle. Judge Holland concluded that Respondent offered no reasonable explanation for his failure to serve the defendant in the nearly seven (7) years since the date of the accident. She rejected Respondent's explanation that he never intended to proceed to trial if the matter did not

settle, again noting that Respondent's actions in filing suit after failed settlement attempts with the defendant's insurance company and his subsequent motion to suspend the Rule 2–507 action proved otherwise. For the reasons set forth in our explanation of Respondent's violation of MRPC 1.3 in the Sims matter, we overrule this exception.

Respondent excepts to Judge Holland's conclusion that he violated MRPC 3.2 in the Braswell case by failing to provide the defendant with answers to interrogatories. For the reasons set forth in our explanation of Respondent's violation of MRPC 1.3 in the Braswell matter, we overrule this exception.

### D. *Petitioner's Exceptions*

We now turn to Petitioner's exceptions to Judge Holland's conclusions that Respondent did not violate MRPC 1.1 and 8.4(d) in both the Sims and Braswell matters. For the reasons stated below, we sustain Petitioner's exceptions.

### i. *Violation of MRPC 1.1*

**Maryland Rule of Professional Conduct 1.1**—*Competence.*

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Judge Holland concluded that Respondent did not violate MRPC 1.1 based on her findings that Respondent had extensive knowledge and experience in handling automobile negligence cases, that Respondent was aware of the type of injury, and its impact, in both the Sims and Braswell cases, and that he had communicated and negotiated with the insurance company in both cases. Citing *Attorney Grievance Comm'n v. Mooney*, 359 Md. 56, 753 A.2d 17 (2000), Petitioner asserts that Respondent's failure to appear at the Rule 2–507 hearing in the Sims matter, and at trial in the Braswell matter, was incompetent representation and a violation of MRPC 1.1. We are unable to reconcile Judge Holland's

conclusion with our holding in *Mooney;* therefore, we sustain Petitioner's exception.

In *Mooney,* we held that an attorney's failure to appear in court for a client's trial, absent an acceptable explanation, was incompetent representation and a violation of MRPC 1.1. *Mooney,* 359 Md. at 74, 753 A.2d at 26. Competent representation, however, encompasses more than an attorney's legal knowledge, skill or preparedness. It necessarily includes, at a minimum, the attorney's presence at any court proceeding for which he or she was retained, absent an acceptable explanation for that attorney's absence. *Id.* As we stated in *Mooney,* "a complete failure of representation is the ultimate incompetency." 359 Md. at 74, 753 A.2d at 25. Respondent argues that unlike the attorney in *Mooney,* he has provided sufficient explanation for his absence in both proceedings, specifically, his agreement with the Sims plaintiffs, through Michael Sims, not to proceed to trial if the matter did not settle, and the extenuating circumstances surrounding his personal misfortunes which caused him to miss the trial in the Braswell matter. For the reasons previously stated, *supra,* Respondent has not provided satisfactory explanation for his absences. We therefore sustain Petitioner's exception and hold that Respondent violated MRPC 1.1 in both the Sims and Braswell matters.

### ii. *Violation of MRPC 8.4(d)*

**Maryland Rule of Professional Conduct—***Misconduct.*

It is professional misconduct for a lawyer to: ...

(d) engage in conduct that is prejudicial to the administration of justice;....

Judge Holland concluded that Petitioner failed to provide clear and convincing evidence to support its allegation that Respondent violated MRPC 8.4(d). Citing *Mooney* in its exceptions, Petitioner contends that Respondent's failure to appear at the scheduled court proceedings was conduct preju-

dicial to the administration of justice, and a violation of MRPC 8.4(d) in both matters. We agree.

An attorney's failure to adequately represent a client violates MRPC 8.4(d). *See Mooney,* 359 Md. at 83, 753 A.2d at 31; *Brown,* 353 Md. at 286, 725 A.2d at 1076 (1999). We held in *Attorney Grievance Comm'n v. Ficker,* 319 Md. 305, 572 A.2d 501 (1990), that an attorney's tardiness or absence from a scheduled proceeding may violate former Code of Professional Responsibility Disciplinary Rule (DR) 1–102(A)(5),[14] which contained virtually the same text as current MRPC 8.4(d). *Ficker,* 319 Md. at 313–15, 572 A.2d at 505–06. *See also Mooney,* 359 Md. at 83, 753 A.2d at 31; *Brown,* 353 Md. at 286, 725 A.2d at 1076. We explained in *Ficker:*

> [A]n attorney plays such an integral role in the judicial process that without his presence the wheels of justice must, necessarily, grind to a halt. The attorney's absence from the courtroom is immediately cognizable by the judge and intrudes upon the operation and dignity of the court. (Citation omitted).

319 Md. at 315, 572 A.2d at 506.

As we discussed, *supra,* Respondent acknowledges that he filed a motion to suspend operation of Rule 2–507 in Sims and then failed to appear at the hearing on the matter. Likewise, in Braswell, Respondent rescheduled an original court date of 2 February 1998 and subsequently failed to appear at trial on 8 June 1998. Respondent therefore violated MRPC 8.4(d). The circumstances surrounding his failures are matters that go to the severity of the sanction. *See Ficker,* 319 Md. at 315, 572 A.2d at 506.

---

14. The Code of Professional Responsibility (Code) was replaced by the current Maryland Rules of Professional Conduct on 15 April 1986, effective 1 January 1987. In pertinent part DR 1–102(A) provides that "[a] lawyer shall not: ... (5)[e]ngage in conduct that is prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Ficker,* 319 Md. 305, 314 n. 7, 572 A.2d 501, 505 n. 7(1990).

### III.

Having determined that Respondent has violated MRPC 1.1, 1.3, 1.4(a), 1.16(a)(2), 3.2, and 8.4(d) in both the Sims and Braswell matters and 1.4(b) in the Sims matter, we now must consider the appropriate sanction to be imposed. In reaching our decision, we noted recently in *Attorney Grievance Comm'n v. Zdravkovich*, 362 Md. 1, 762 A.2d 950 (2000), that

> "[t]he purpose of disciplinary proceedings against an attorney is to protect the public rather than to punish the erring attorney." *Attorney Grievance Comm'n v. Hamby*, 322 Md. 606, 611, 589 A.2d 53, 56 (1991). "The public is protected when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Awuah*, 346 Md. 420, 435, 697 A.2d 446, 454 (1997). The severity of the sanction depends upon the facts and circumstances of the case before this Court. *Hamby*, 322 Md. at 611, 589 A.2d at 56. Imposing a sanction protects the public interest "because it demonstrates to members of the legal profession the type of conduct which will not be tolerated." *Id.*

362 Md. at 31–32, 762 A.2d at 966. *See Mooney*, 359 Md. at 96, 753 A.2d at 38; *Brown*, 353 Md. at 295, 725 A.2d at 1080 (quoting *Attorney Grievance Comm'n v. Ober*, 350 Md. 616, 631–32, 714 A.2d 856, 864 (1998)).

 Bar Counsel recommends that Respondent be suspended indefinitely from the practice of law, that his reinstatement be conditioned upon his payment of all costs, and that he be supervised by a monitor for a period of two years upon his reinstatement. Petitioner reminds us that Respondent has had three (3) prior sanctions under the attorney grievance procedure, and that there is a common thread of "chronic absence of diligence with respect to the pursuit of his client's interests." Respondent on the other hand, recommends that this disciplinary action be dismissed and that no sanction be imposed, or in the alternative, if this Court concludes that a sanction is required, that it be a "relatively light one." Re-

spondent urges this Court to consider his forty-two (42) years at the Maryland Bar, his extensive case load over the years in a difficult area of practice, the personal circumstances that occurred during his representation of Sims and Ms. Braswell, that the insurance company, CNA, not Sims or Ms. Braswell, brought this matter to the attention of the Attorney Grievance Commission, and the fact that his clients were ultimately not prejudiced by his actions. In making a determination of the appropriate sanction, this Court may consider, as a non-exclusive list, the following factors:

> [A]bsence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.

*Jaseb,* 364 Md. at 481–82, 773 A.2d at 526 (quoting *Glenn,* 341 Md. at 488–89, 671 A.2d at 483 (citations omitted)).

 Considering all of the circumstances in the case, we conclude that the appropriate sanction to be imposed is suspension from the practice of law in this State for six (6) months. Respondent's violations show a recurring pattern of behavior that is serious enough to warrant suspension for this length of time. The suspension shall begin thirty (30) days after the filing of the opinion in this case and shall continue thereafter until Respondent has paid all of the costs in this case.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF**

THE ATTORNEY GRIEVANCE COMMISSION AGAINST
ALAN EDGAR HARRIS.